## J. N. WILLIAMS v. J. R. BARNETT.

1. EVIDENCE—TRESPASS TO TRY TITLE.—The defendant may, in trespass to try title, under the plea of not guilty, set up any matter of defense except limitation, or that which involves affirmative equitable relief, both of which must be specially pleaded.

2. FRAUD—FACT CASE.—See opinion for badges of fraud surrounding a transaction which, unexplained, created such a presumption of bad faith that the court, which tried the case without the intervention of a jury, erred in upholding it.

APPEAL from Titus. Tried below before the Hon. B. F. Estes.

The opinion states the facts.

*George T. Todd,* for appellant.—The deed of M. H. Barnett to appellee was and is *mala fide,* and appellee cannot lawfully hold under said deed as against appellant.

Said deed was not recorded till the 6th of March, 1876, after suit was filed against M. H. Barnett, the maker, by appellant. No money or other consideration was paid, or even due, till after plaintiff's judgment and sale, nor till after appellant had filed this suit in the District Court, July, 1877. The first note did not mature till January 1, 1878. Appellee is not a purchaser for value paid. The deed is by a father in failing circumstances, to his son, who was in a position to know, by reasonable inquiry, his father's condition.

The deed rendered M. H. Barnett absolutely insolvent. Appellee, by his equitable defense based on his mother, virtually admits the worthlessness of his deed. (Edrington *v.* Rogers, 15 Tex., 183; Mills *v.* Howeth, 19 Tex., 257; Gibson *v.* Hill, 23 Tex., 77; Belt *v.* Raguet, 27 Tex., 472; Hughes *v.* Roper, 42 Tex., 126; Grace *v.* Wade, 45 Tex., 522.)

[No briefs for appellee are on file.]

BONNER, ASSOCIATE JUSTICE.—On February 28, 1876, appellant, Williams, instituted suit in the District Court of Titus

county against one M. H. Barnett, father of appellee, on a promissory note made by said M. H. Barnett, payable to appellant, for the sum of $405.60, of date January 1, 1875.

The cause having been transferred to the County Court, judgment was rendered in favor of appellant on July 18, 1876, upon which execution issued October 30, 1876, and the same, on November 10, 1876, was levied upon the land here in controversy. On December 5, 1876, the land was sold, when appellant, Williams, became the purchaser, and received the sheriff's deeds therefor.

On November 25, 1875, M. H. Barnett, subsequent to the execution of his note to appellant, sold this land to the appellee, his son, for the alleged consideration of $4,500, payable in three negotiable promissory notes for $1,500 each, due respectively January 1, 1878, 1879, and 1880.

The deed was not witnessed, but was acknowledged and filed for record March 6, 1876, pending the suit on the note.

M. H. Barnett, the father, the only witness introduced on this trial, testified that this was all the land he owned except his homestead; that the sale to his son rendered him insolvent, and that he was still in this condition; that the land was community property of himself and his deceased wife; that at the time of the sale, besides the indebtedness to appellant, he owed to certain other creditors $1,200, and to his children, five in number, and all minors except appellee, then twenty-two years of age, a large amount, proceeds of their interest in the mother's community property used by him, and to a brother the sum of $2,200; that he transferred the notes to this brother, who was to pay himself out of the same and hold the remainder for the children, and that none of the money due on the notes had been paid, so far as he knew.

The present suit was one of trespass to try title to the lands embraced in this deed, brought against the son, J. R. Barnett, by appellant, J. N. Williams, the judgment creditor, who sought to recover on his sheriff's title, claiming that the deed to appellee was made in fraud of creditors.

Appellee answered by general demurrer and plea of not guilty.

On March 21, 1879, a jury was waived, and judgment rendered by the court below in favor of appellee, Barnett.

In answer to the alleged error of the court in refusing to exclude the testimony of witness M. H. Barnett, in regard to the land being community property of himself and his deceased wife, and that appellee, in addition to his title as an alleged purchaser in good faith from his father, could not also rely upon his title as an heir of his mother without specially pleading the same, it is sufficient to say that, by our statute, under the plea of not guilty filed by appellee he had the right to set up any matter of defense except the statute of limitations.

It is only where this last-named statute is interposed, or some affirmative equitable relief is sought, that the same, under our practice, must be specially pleaded. (Paschal's Dig., art. 5307; Horton *v.* Crawford, 10 Tex., 392; Ayres *v.* Duprey, 27 Tex., 604; Catlin *v.* Bennatt, 47 Tex., 172.)

We are not called upon to decide in this case whether there was such preponderance of conflicting testimony in favor of appellant as would clearly show that the court below erred in its judgment against him, but whether, on the undisputed facts of the case as presented by the record, the judgment was contrary to the law and the presumptions of fact arising from the circumstances in evidence.

Under the disposition we shall make of the case, we do not deem it proper to comment particularly upon this testimony, or the weight which should be given to it. We think, however, that there were such badges of fraud surrounding the transaction, that, without further testimony or explanation, they created such a presumption of bad faith that the court erred in its judgment in upholding it. (Bump on Fraud. Convey., ch. 4.)

The case seems not to have been fully developed, the alleged fraudulent grantor being the only witness, when it seems there were other and material witnesses whose testimony could

have been obtained, and by which the good or bad faith of the transaction could have been more satisfactorily shown.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 4, 1879.]

