W. D. HAYNES v. SAMUEL SATTERFIELD ET AL.

(No. 5374.)

ROADS.— Powers of commissioners' court must be exhausted before he can go to district court.

APPEAL from Ellis county.    Opinion by WATTS, J.

STATEMENT.— This suit was brought by appellant to enjoin the commissioners' court of Ellis county and the road overseer from opening a second-class public road through his inclosed lands as ordered by the commissioners' court, because the order was void in that it was made without the written consent of himself, agent or attorney, and no receivers had been appointed to assess the damages, and because the petition upon which the court acted in making the order was asked for only on condition that another road running over his land be reduced from second to third class road.    It was shown that appellant appeared before the county commissioners' court by his attorney, and there is evidence to the effect that said attorney assented to the order as made, but upon this point there is some conflict in the evidence.    The attorney claimed that he consented thereto only on condition that the other road would be reduced to a third class road, and this is the extent of the attorney's authority as claimed by appellant.

OPINION.— The petition on which the court acted did not make the reducing of the other road a condition precedent to consent, but asked that the road be opened and then prayed that the other be reduced.    As the commissioners' court has full power over the subject of opening, closing and reducing roads, parties are required ordinarily to apply to that court for relief with respect to those matters. Until the party has exhausted his remedies in that court he is not entitled to invoke the equitable powers of the district court.    Burgeois v. Mills, 3 Texas Law Review, 142.

The record not showing that the appellant has exhausted his legal remedies in the commissioners' court, he is not entitled to the writ of injunction.

AFFIRMED.