## JOHN G. VOGT V. BEXAR COUNTY ET AL.

Delivered June 9, 1897.

**1. Judgment of Commissioners Court—Collateral Attack—Highway.**

A judgment of a Commissioners Court establishing a highway is not void and subject to collateral attack because some of the petitioners for the road sat upon the jury of view.

**2. Highway—Opening—Service of Notice.**

That notice of proceedings to open a highway was delivered by one of the jury of view to the owner through the hands of the owner's wife, does not affect the sufficiency of the service.

**3. Judgment of Commissioners Court—Collateral Attack.**

A judgment of a Commissioners Court establishing a highway is not subject to collateral attack.

**4. Highway—Overseer—Obstructions.**

The overseer of a highway legally established is justified in breaking a lock put upon gates obstructing a public road by the owner of land over which the road extends.

**5. Trespass to Try Title—Disclaimer—Costs.**

Defendant in an action of trespass to try title who in his last answer disclaims title to a part of the land claimed in his first answer, is chargeable with costs accruing prior to the filing of the last answer.

**6.  Statute—Establishment of Highway—Constitutionality.**

Due process of law is not denied by the statutes providing for the establishment of public roads, since they give the party over whose land the road is laid out an opportunity to be heard by the jury of view and by the Commissioners Court, and to appeal from their decision.

Appeal from Bexar.   Tried below before Hon. Robert B. Green.

*George C. Altgelt*, for appellant.—1. The proceedings of the Commissioners Court resulting in the establishment of the Bywaters road, and ordering the opening of said road, are void, because it appears therefrom, as well as from the evidence adduced, that the jurors of view, J. B. Mann, A. F. Krause, and L. C. McCulloch, had signed the petition for the establishment of said road and condemnation of plaintiff's land, and that they had a direct interest in the subject matter of the said disposed judicial proceedings, and because the law requiring the Commissioners Court to appoint a jury of view did not contemplate that such appointment should be made for the signers of the petition for the establishment of the road, who by their signatures to said petition had condemned plaintiff's property to public use before hearing his cause, but on the contrary, the law contemplated such appointments to be made from qualified citizens who would hear plaintiff's cause before condemning his property, and who would thereafter, if condemnation be found necessary for the public good, be likely to award plaintiff just compensation.

2.   The statute vesting in the Commissioners Court the sole power to appoint all the jury of view to condemn a citizen's property, and to assess his damages, is unconstitutional and void, for such a taking of private property is not due course of law, in that it did not afford a citizen an impartial tribunal to pass upon the necessity for the taking and damaging of his property to public use, and did not afford him an impartial tribunal to assess his damages.   Rhine v. City of McKinney, 53 Texas, 354; Railway v. Ellis, 70 Texas, 310; Armstrong v. Traylor, 87 Texas, 598.

*Otto Staffel*, for appellees.—There is no evidence to show that any one or more of the jury of view had any such interest in the subject matter as would disqualify them; and there is no law which disqualifies said jurors, if they had a special interest therein.   Rev. Stats., arts. 4367-4374; Buorgeois v. Mills, 60 Texas, 76.

FLY, Associate Justice.—In December, 1887, appellant instituted a suit of trespass to try title to 727½ acres of land, against J. B. Mann and Bexar County.   Appellees answered, disclaiming all interest in the land, except a strip of land twenty feet wide, which it was alleged was a public road, and that Mann was the duly appointed overseer of said road, and as to said road pleaded not guilty.   The cause was tried by jury, and a verdict was returned for appellees as to the road, and for the appellant for the remainder of the land.

We conclude that it was clearly proven that, before the suit was insti-

tuted, the land recovered by appellees had been laid out as a public road in conformity to the laws pertaining to public roads in Texas, and that J. B. Mann was the duly appointed road overseer, and as such entered upon the land.

Appellant excepted to the answer, because it did not allege how or in what manner appellees became entitled to the land, and because the answer states conclusions of the pleader instead of facts. We need not express an opinion as to the sufficiency of the plea excepted to, for if it should be held insufficient, still, under the plea of not guilty, appellees could show that the road had been legally established over the land, and that as to the road the right of possession in the county was res adjudicata. Every lawful defense to the action of trespass to try title, except the defense of limitation, may be given in evidence under the plea of "not guilty." Rev. Stats., art. 4793; Dalby v. Booth, 16 Texas, 563; Williams v. Barnett, 52 Texas, 130; McKamy v. Thorp, 61 Texas, 648; Ellis v. Mills, 28 Texas, 584.

The third assignment of error is vague and indefinite, and under a strict construction of the rules should not be considered. From a consideration of it, however, in the light of the propositions under it, we are of the opinion that the court did not err in admitting in evidence the records and proceedings of the Commissioners Court of Bexar County in connection with laying out the public road claimed by it. We can not sustain the contention of appellant that the judgment of the Commissioners Court was void because some of the parties who signed the petition for the laying out of the road were appointed on the jury of view. The law in force when the road in question was laid out did not inhibit the appointment of men upon the jury of view who had signed the petition for the road, and such act did not affect the validity of the judgment. Appellant cites decisions holding that the disqualification of the judge would render his judgments void, but we have seen no case that holds that the interest of jurors would invalidate a judgment based on their verdict. On the other hand, the weight of authority seems to be that disqualification of jurors will not render a judgment void. Van Fleet on Coll. Att., sec. 705.

The claim that appellant did not receive notice of the proceedings to open the road is without merit. Not only was it shown by a witness that a notice was given to appellant in person, but the recitals in the judgment of the Commissioners Court show that he appeared and contested the report of the jury of view. A. F. Krause, one of the jury of view, swore that he saw appellant on a bluff above him, and not wishing to go up the bluff, he called to him to come and get the notice. Appellant sent his wife after the paper, and Krause saw her place it in the hands of her husband. The notice was delivered to appellant, and the contention that the intervention of the wife between appellant and Krause was a delivery to the wife, is wholly without merit.

All the provisions of the statute having been complied with, the judgments of the Commissioners Court is not subject to collateral attack.

The law has provided for appeal from the judgment of Commissioners Courts, and appellant, if dissatisfied with the judgment, should have used the statutory means for setting it aside. Speaking of such tribunals as Commissioners Courts, Elliott, in his work on Roads and Streets, page 259, says: In all cases where there is such a permanent tribunal having jurisdiction to approve or reject a report, to hear and determine controversies, there is a tribunal competent to render a judgment strong enough to resist a collateral attack. Especially is this true where there is a right of appeal to a court of general superior jurisdiction."

Passing upon the authoritativeness of judgments of Commissioners Courts, this court, through Justice Neill, held: "The effect of this order is a judgment having all the incidents and properties attached to a similar judgment pronounced by any regularly created court of limited jurisdiction, acting within the bounds of its authority, and the action of the court on the claim is res adjudicata, and is as conclusive of the county's liability as though the adjudication had been made by a court of general jurisdiction. 2 Freem. on Judg., sec. 531. By article 5, section 8, of our Constitution, it is provided that the District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions as may be prescribed by law. To set aside or avoid the effect of an order of the County Commissioners Court auditing and allowing a claim against a county, this jurisdiction of the District Court must be invoked in the proper manner by an appropriate proceeding; and until it is done, the action of the County Court must stand as a judgment, and can not be collaterally attacked by the district or any other court." Callaghan v. Salliway, 5 Texas Civ. App., 239.

The matter of damages for opening the road was adjudicated by the Commissioners Court, and that matter can not be raised in a collateral attack. The road having been regularly opened, the overseer was justified in breaking the lock put on the gates by appellant.

The description of the land over which the road was opened, which was embodied in the report of the jury, and was adopted by the Commissioners Court, would, according to the Supreme Court, be sufficient in an order of the probate court disposing of a vast estate (McManus v. Orkney, 40 Southwestern Reporter, 715), and certainly should be sufficient in an order opening a third-class road.

In the second amended answer appellees disclaimed as to all the land, except as to three roads, and in the third amended petition, upon which the trial was had, the disclaimer was as to all except one road, and appellant claims that all the costs which accrued prior to the filing of the last pleading should be adjudged against appellees. No reason is given for this contention, and, under the present state of facts, neither do we think that any valid reason can be given for it, but it is sustained by the decision in Keyser v. Meusbach, 77 Texas, 64. If appellees had claimed all the land, as in the case of Capt v. Stubbs, 68 Texas, 222, and had afterwards disclaimed as to all of it, it would be clear that all the costs would have accrued by their unfounded claim, and they should be taxed with all

the costs up to the time of the disclaimer; but when a disclaimer is made in the last answer to only a part of the land claimed in the first answer, and no additional cost has been shown to have been entailed by the claim for the part for which a disclaimer was afterwards entered, we can not see any force or reason in holding that all the costs incurred up to the time of the last disclaimer should be adjudicated against the defendant. Such, however, is the effect of the decision above cited.

Under the laws by which public roads are opened, the party over whose land the road is laid out is given an opportunity to be heard by the jury of view, and by the Commissioners Court, and there is accorded the right of appeal, and the case is not similar to the cases of Rhine v. McKinney, 53 Texas, 35, Railway v. Ellis, 70 Texas, 310, and Armstrong v. Traylor, 87 Texas, 598. We conclude the law is constitutional.

None of the other assignments is well taken.

This case was before this court on a former appeal, and was reversed because the record did not show that the statute had been complied with in opening the road, but a very different case is presented by this record. Vogt v. Bexar County, 23 S. W. Rep., 1044.

Under authority of Keyser v. Meusbach, the judgment of the District Court will be reformed so as to assess the costs against Bexar County that accrued prior to the filing of the third amended petition, on November 16, 1896, and the matter having been brought to the attention of the court below, the costs of this court will also be assessed against the county.

As reformed, the judgment will be affirmed.

*Reformed and affirmed.*

Writ of error denied.