## J. T. SNEED v. FALLS COUNTY.

No. 568.—Decided June 26, 1897.

**1.  Public Road—Jurisdiction—Requisites of Petition.**

In a proceeding to establish a public road it was not essential to the jurisdiction of the Commissioners Court that the petition or application should show on its face that the applicants were citizens of the county and eight of them freeholders of the precinct through which it was to be opened. (Pp. 170, 171.)

**2.  Same—Condemnation—Judgment.**

It was not essential to the validity of the order of the Commissioners Court condemning land for a public road that such judgment or some other part of the record should affirmatively show: that the petitioners for the road had given the notice required by statute; nor that the persons appointed as a jury of view possessed the statutory qualifications and took the statutory oath; nor that the owner was served with or waived notice of the time and place of their action. (Pp. 170, 171.)

**3.  Statutory Construction.**

The maxim that the expression of one requirement excludes others, applied to the

construction of the law for laying out public roads and condemnation of land therefor (Rev. Stats., Title 97, Chap. 1) with reference to what must be contained in the petition, judgment and record, in order to show a valid proceeding. (P. 170.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Falls County.

*Finks & Gordon,* for appellant.—The court erred in holding that parol evidence might be introduced to show that notice had been published as the statute requires in the case of non-residents of the county, and that the records of such condemnation proceedings need not affirmatively show or recite the service of notice in any manner whatever. Rev. Stats., arts. 4691, 1235, 1237, 1238, 1554, 1556, 1557, 1558; Adams v. Waterworks Co., 25 S. W. Rep., 165; Vogt v. Bexar County, 5 Texas Civ. App., 272; Parker v. Railway, 84 Texas, 333; Stephenson v. Railway, 42 Texas, 169; Galpin v. Paige, 18 Wall., 350; Elliott, Roads and Streets, secs. 218, 219, 251, 252, 253, 254; Wade, Notice, secs. 1334, 1335; Railway v. Young, 8 S. W. Rep., 776; Dougherty v. Brown, 3 S. W. Rep., 210; Whitely v. Platte County, 73 Mo., 30; Pulaski County v. Stuart, 28 Gratt., 879; Porter v. Stout, 73 Ind., 8; Miller v. Porter, 71 Ind., 525; Commissioners v. Markle, 46 Ind., 113; Spaulding v. Baldwin, 31 Ind., 377.

The court erred in holding that parol evidence might be introduced to show that one of the applicants for said road advertised notice of said application by posting notice thereof for at least twenty days on the front door of the court house of said county and at two other public places in the vicinity of the route of the proposed new road; that eight of the petitioners or applicants for said road were freeholders of Precinct No. 3 of the said County of Falls through which said road was to be opened; that the persons appointed a jury of view to lay out said road were freeholders of the said County of Falls; that such jury of view had been sworn by some officer authorized to administer oaths, and that the statutory oath prescribed by law was taken by said jury of view prior to the proceedings to execute the order of said court. Rev. Stats., arts. 4686, 4687, 4688, 4689.

*Z. I. Harlan,* for appellee.

DENMAN, Associate Justice.—In this cause, the Court of Civil Appeals has certified to this court, the following statement and questions·

"Appellant, J. T. Sneed, brought this suit, seeking to restrain, by injunction, Falls County and its Commissioners Court from opening a second class road through lands in said county belonging to him. The District Court sustained a general demurrer to the plaintiff's petition, and he appealed.

"Among other material questions presented for decision, are the fol lowing, which the Court of Civil Appeals certifies to the Supreme Court of the State:

"1.   In proceeding to establish the road, was it essential to the jurisdiction of the Commissioners Court that the petition or application for the road should show on its face that the applicants were citizens of Falls County, and that eight of them were freeholders of the precinct through which the road was to be opened?

"2.   Was it essential to the validity of the orders and judgment of the Commissioners Court condemning the plaintiff's land and establishing the road that said orders and judgment, or some other part of the record, should affirmatively show, that the petitioners for the road had given the notice required by statute; that the persons appointed as a jury of view possessed the statutory qualifications, and took the statutory oath; and that the plaintiff was served with, or waived, notice of the time and place said jury would meet to lay out the road and assess damages, as required by the statute?

"The plaintiff's petition assailed the proceedings and judgment of the Commissioners Court condemning his land, because they do not show compliance with the statute in the matters above recited."

It will be observed that the question before us is not whether it is necessary to actually comply with the requirements of the statutes in the particulars indicated by the questions certified, in order to legally lay out a road, but whether the face of the condemnation proceedings must show such compliance.   In other words did the petition, which merely charged that the record of the condemnation proceedings did not show such compliance, but did not charge that there was no such compliance in fact, state a cause of action authorizing a court of equity to declare such proceedings void and restrain the county authorities from taking any action thereunder.   The statute could have required all these matters to be shown on the face of the records, or it might have made the order of the court establishing the road prima facie evidence that the law had been strictly followed.   If then, we can derive any legislative intent on this question from the statute, we must follow it.   The statute requires the application to be signed by eight freeholders, but does not require the fact that they are freeholders to be stated on the face of the same.   It does, however, require it to state the beginning and termination of the road.   The expression of one requirement tends to exclude the idea that there were others.   It requires the commissioners to give written notice, but makes no provision for any return of or preservation of the same.   It requires the jury to consist of freeholders, and prescribes that they shall take a certain oath before acting, but does not require the oath to be reduced to writing or prescribe before what officer it shall be taken, and makes no provision for its incorporation into or preservation as a part of the condemnation proceedings.   On the other hand, it requires some of the proceedings to be in writing and evidently contemplated that they should be preserved as part of the record; e. g., the application, the order appointing the jury of view, the sheriff's return showing service of same on the jurors, the report of the jury of view, including the owner's claim for damages and their assessment

thereof, and the court's action thereon. We are therefore of opinion that a fair construction of the statute leads to the conclusion that the Legislature did not intend to require the matters referred to in the questions above to be shown on the face of the proceedings as a condition of their validity. If the opposite construction were adopted few of such proceedings would ever be found valid. The State had the inherent right to take the property for a public road, and the owner had no right to question its determination to do so, but his sole right was to have compensation. The real purpose of the proceedings, as far as he is concerned, is to determine the amount of such compensation. City of San Antonio v. Grandjean, recently decided by this court. It is not reasonable, therefore, to suppose that in enacting a law, the main purpose of which as to the owner was to provide a method of ascertaining the compensation, the Legislature ever intended to encumber it with so many technical and unreasonable requirements, not conducive to a correct and just determination of the compensation to be paid, but merely serving as impediments in the way of the duly constituted authorities in attempting to open up necessary highways.

We answer the questions certified in the negative.