MIDDLETON v. PRESIDIO COUNTY et al.

(Court of Civil Appeals of Texas. San Antonio. May 3, 1911. Rehearing Denied June 7, 1911.)

1. HIGHWAYS (§ 37*)—ESTABLISHMENT—JURY OF VIEW—QUALIFICATIONS.

The statute requiring the appointment in highway proceedings of a jury of view of five freeholders of the county, a majority of whom may act, is material and not merely directory; and an owner disclosing in the commissioners' court that two of the jurors were not freeholders of the county, and that a third failed to act, and objecting to the proceedings on that ground, may appeal to the equitable powers of the court, though he appeared before the commissioners' court and asked compensation for his damages.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 82–92; Dec. Dig. § 37.*]

2. HIGHWAYS (§ 23*)—PUBLIC LANDS.

Under the statute conferring on the commissioners' court the power to lay out public roads over lands, including public lands, except when actually used by the state or public for public purposes, as prescribed by Rev. St. 1895, art. 4715, a commissioners' court may establish a road over public school lands of the state subject to sale, by entering on its minutes an order to that effect and by actual use, and the statutory provisions for condemnation relate solely to the proceedings against property of individuals.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 23.*]

3. PUBLIC LANDS (§ 173*)—SCHOOL LANDS—ESTABLISHMENT OF PUBLIC ROAD—RIGHTS OF PURCHASER.

Where a commissioners' court legally established a road over school lands, subject to sale, a subsequent purchaser thereof, with notice of the facts, took the lands incumbered with the road.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 173.*]

4. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—RULINGS ON EVIDENCE.

Where the findings of the court trying a case without a jury are supported by ample testimony, assignments complaining of testimony will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

5. HIGHWAYS (§ 52*)—ESTABLISHMENT—CHARACTER OF ROAD—FIRST-CLASS ROAD—STATUTES.

Under Rev. St. 1895, art. 4674, requiring the commissioners' court of the several counties to establish a first-class road from the county seats of the respective counties, a public road between county seats is a first-class road, and the commissioners' court may not designate it a second-class road.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 52.*]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

Action by H. E. Middleton against Presidio County and others. From a judgment granting insufficient relief, plaintiff appeals. Affirmed in part; reversed and remanded in part.

The following is a plat of the property in question:

EXHIBIT "A"

R. H. Hays and R. C. Harris, for appellant. R. B. Russell and Geo. M. Thurmond, for appellees.

. JAMES, C. J. This is a suit by Middleton against Presidio county, its county judge and commissioners, the petition alleging: That on March 1, 1910, he owned certain parts of sections 246, 247, and 250 of block 8, Galveston, Harrisburg & San Antonio Railway Company surveys describing said parts as tracts Nos. 1 and 2 respectively as they are indicated on the annexed plat; the tract No. 1 being a strip 30 feet wide adjoining the west boundary line of sections 246 and 247 from the point marked "County Bridge" to what is indicated on the map as "Present traveled road Marfa to Ft. Davis," and tract No. 2 being a strip running through sections 247 and 250 about 60 feet wide from where said

"Present traveled road" leaves the west line of 247 to the north boundary line of section 250. That on said date defendants entered upon and dispossessed plaintiff of said premises. The petition made allegations of what defendants' claim was, or was supposed to be, alleging, in reference to tract 1, a certain condemnation proceeding of a road of the first class which plaintiff claimed to be null and void for the reason that two of the jurors of view were not freeholders of Presidio county, and another of the jurors failed to act, to which irregularities plaintiff at his first opportunity objected; that is, when said jurors met to lay out the road and assess his damages, and again objected when they made their report to the commissioners' court, which objection was overruled by said court and the report adopted and the road opened. In reference to tract No. 2, the allegation was that defendants were claiming it as a road of the first class, but he believed defendants do not claim that it has ever been ordered established by order of court; but whether they do, or not, he alleges the fact to be that no road has ever been lawfully established over the land, and, if there are any orders on the subject, they are wholly insufficient and null and void for the purpose. The petition made further allegations as grounds for injunction to restrain defendants from interfering with plaintiff in the use of tract No. 2. The prayer was for a temporary injunction, which was asked to be made perpetual on final hearing, and for judgment for title to said strips of land, writ of restitution, etc. There was granted a temporary injunction, which does not require notice in this opinion.

Defendants' pleadings are too lengthy to follow. They pleaded a number of demurrers, not guilty, certain pleas wherein they alleged certain orders and acts of the commissioners' court by which they claim that tract No. 1 had been legally condemned, and as to tract No. 2 that practically all the land between Marfa and Ft. Davis, both county seats of adjoining counties, was school land; that for more than 20 years prior to the filing of this suit this strip was continuously, openly, notoriously, and exclusively used by the public as a road; that the county commissioners have during all that time recognized said strip as a public road and caused the road overseer to work same, continuously claimed the right to an easement over same; that the public character of same was known; that it was designated as a Star Route for the carrying of mail; that by certain orders the commissioners' court had legally and officially declared same to be a public road; that by reason of these things the state of Texas had granted to Presidio county and its citizens the use of said strip prior to plaintiff's purchase of said sections from the state; and that plaintiff knew these things when he purchased and laned said strip by placing a wire fence on the east thereof, and thereby recognized and admitted that the strip was a pub-

lic road, and is therefore estopped to deny the public character of the road, and by fencing, etc., he has dedicated it to the public as a road.

The cause was submitted to the judge, who rendered judgment for plaintiff for the title to the land in tracts Nos. 1 and 2, burdened, however, with an easement in favor of the county for a first-class road over same; and plaintiff recovered costs against Presidio county. The writ of injunction was dissolved, and plaintiff required to pay the costs in the district court incident to the issuance of the injunction.

We deem it advisable to consider first the twenty-seventh and twenty-eighth assignments of error, which concern the tract No. 1. It complains of the sustaining of special exceptions to the amended petition. Defendants' first special exception was as follows: "Defendants except to all that portion of said petition which seeks to recover tract No. 1, for the reason that the allegations of the petition show that said tract has been regularly and legally condemned as a public road, and therefore plaintiff's cause of action, if any, is for damages accruing to him by reason of said tract of land being so condemned and taken by said county as such public road. Defendants' second special exception was: "Defendants except to all of said petition wherein plaintiff alleges as ground for injunction that two of the jury of view were not freeholders of Presidio county, for the reason that same asserts no equitable cause of action," etc.

From what has already been stated, it will be seen that plaintiff alleged, in reference to the road represented as tract No. 1, that two of the five jurors of view, naming them, were not freeholders of the county; and that another juror, naming him, did not act; and that plaintiff objected to the proceeding upon this ground at the time the jurors met to lay out the road and assessed his damages, and also at the time they made their report to the commissioners; and that the commissioners' court overruled the objection, and adopted the report and ordered the road opened. This condemnation was in 1909, after plaintiff had purchased.

[1] The demurrers were improperly sustained. The statute requires the appointment of five freeholders of the county, a majority of whom may proceed. The requirement is material, and not simply directory. If the allegations were true, less than a majority proceeded to act. The allegations show that plaintiff made and maintained objection upon this ground before the commissioners' court and is in a position to appeal to the equitable powers of the court. Haynes v. Satterfield, 2 Posey, Unrep. Cas. 299. The fact that he appeared before that court and asked compensation for his damages was no waiver of the right to contest the legality of the proceeding. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027. We think plaintiff was entitled to prove said allegations. It appears from the findings of the court as follows: "By admission of counsel for plaintiff made in open court during the trial of this cause as the record will disclose, it was conceded that a public road on and over tract No. 1, described in plaintiff's petition, has been regularly and legally laid out and condemned by the commissioners' court of Presidio county." But by reference to the admission as disclosed by the record it is found that the admission was as to the legality of the proceeding in all things but this. The striking out of those allegations attacking the condemnation proceeding excluded plaintiff from the opportunity of proving them. Hence we conclude that the judgment as to tract No. 1 should be reversed, and the cause remanded.

As to tract No. 2, the following material facts, substantially as found by the court, are in our judgment decisive of the case: On August 10, 1904, the commissioners' court of Presidio county entered upon its minutes this order: "On this day it is the order of the court that the road as now used between Marfa and Ft. Davis to Jeff Davis county line be and is hereby declared a second-class road." The road between said points then in use was in part composed of this tract No. 2, which was a road about 60 feet wide then inclosed on both sides with a wire fence, the west line of which fence had been placed there about 1901 by a lessee of land on the west side in order to and which had the effect of forcing the public travel to use this road, to the practical exclusion and abandonment of a road and its cut-offs formerly used west of it. The east line of fence along this road was built by plaintiff in 1904. This was the status of tract No. 2 as to position, use, and public travel on August 10, 1904, and for some time previous. The lands were then public school lands. At that time plaintiff was the lessee from the state of sections 247 and 250. There was no condemnation proceeding as the basis for said order; but the road referred to in the order, which was well known and from the evidence sufficiently identified as the road in question, had been for a number of years in actual use as the traveled road between Marfa and Ft. Davis to the knowledge of plaintiff, and treated and worked by the county as a public highway. The plaintiff Middleton, then lessee of said two sections 247 and 250, purchased them from the state in 1906. At that time he knew of the order of August 10, 1904, knew that it referred to the road now being traveled, and that the commissioners' court recognized and claimed it as the public road between said points. Under these facts, we are of opinion that the correct judgment was rendered as to tract No. 2.

In 1904 the lands belonged to the state, and, but for the temporary leasehold estate which plaintiff had in the sections, the statutes relating to condemnation against the property of individuals had no application.

Plaintiff's leasehold title was extinguished when he became the purchaser in 1906, and no title exists now which he had in 1904, upon which to base a case of trespass to try title, or injunction. His right, if any, must rest upon his title to the land as purchaser from the state. If, therefore, what was done by the county commissioners' court prior to his purchase was legally sufficient to establish this as a public road, then he undoubtedly, under the evidence, acquired the land subject to it, and the only question is whether or not such road legally existed when he bought said sections.

The trial judge disposed of this matter by the sixth conclusion of law, thus: "All public roads belong to the state, and the Legislature has expressly delegated (through articles 1537 and 4671, Rev. St. 1895) the general power of establishing them to the commissioners' courts, which general authority carries with it implied authority to establish public roads across public lands belonging to the state, except in cases provided for in article 4715, R. S.

The owner of these lands in 1904 was the state. The formal requirement of our statutory provisions for condemnation manifestly relate solely to proceedings against the property of individuals.

[2] The state, through its Legislature, has conferred upon the commissioners' court the power, and made it their duty, to lay out and open public roads when necessary, and in reference to its public lands has by article 4715 restricted the exercise of the power where it affects lands owned and used, or for actual use by the state or public state institutions for public purposes; but lands subject to sale under the general laws of the state are not included within the restriction. It would seem to follow by necessary implication, from our statutes, that a county commissioners' court may establish and place in use a road over public school lands of the state subject to sale, and legally establish it as such by an order entered upon its minutes and by actual use, where the state only is concerned.

It appears that a certain statute of 1884 (Gen. Laws 1884, p. 65) enacted:

"Section 1. That from and after the passage of this act, whenever any school, university or asylum land, or any land belonging to the state shall be sold or patented by the state, each sale or sales shall be made and patents issued subject to the right of the state or county to public roads across such land so sold or patented which right of way for roads whenever they may be laid out by proper authority in pursuance of law, is hereby reserved through and across such lands without cost to the state or county except done to improvements on such lands.

"Sec. 2. If more than one road is laid out across any such tract of land then the coun-

ty is to pay to the owner of the land for all roads subsequently opened," etc.

This act was not carried into the Revised Statutes of 1895; but it is claimed by appellee that it was saved from repeal by section 13 of the final title (Rev. St. 1895, p. 1104), entitled "General Provisions," which reads: "That no law in reference to land reservations, * * * shall be affected or impaired by the repealing clause of this title, unless expressly altered or repealed in some of the preceding articles of the Revised Statutes."

The act referred to is entitled "An act making certain reservations for public roads out of lands hereafter disposed of by the state." The trial judge was of opinion that the reservation for public roads was not included in what was intended by "land reservations" in said section 13.

[3] It is unnecessary for us to pass on the question, or to determine what bearing said statute would have upon the case before us, if unrepealed. We think the court determined correctly in holding that the road had been legally created and established, when appellant purchased the said sections from the state, and, having notice of the fact when he purchased, he took the sections incumbered with the road.

All those assignments of error which attack the court's conclusions of fact are overruled. The controlling facts are those we have mentioned, and which we find to be sustained by testimony. The assignments involving rulings on demurrers are immaterial.

[4] The assignments objecting to testimony are overruled; the case having been tried by the judge, and his findings supported by ample testimony.

[5] By the order of August, 1904, above set forth, the road was declared a second-class road. According to the testimony and the court's findings, this was the only public road between the county seats, and the space it covered was 60 feet in width; that being also the width alleged in the petition. The court concluded as a matter of law that article 4674, Rev. St., required such road to be a first-class road, and the commissioners' court had authority to declare it a second-class road. It appears to us that the class of the road was fixed by the statute, and the designation by the commissioners' court was controlled by it.

We reach the conclusion that the judgment of the district court as to tract No. 2 should be in all things affirmed. As to tract No. 1, the judgment should be reversed, and the cause remanded, and the temporary injunction in reference thereto continued in force pending the further proceedings in the district court.

Affirmed in part, and reversed and remanded in part.