DOUGHTY v. DeFEE, County Judge, et al.

No. 5201.

Court of Civil Appeals of Texas. Amarillo.

May 19, 1941.

Rehearing Denied June 16, 1941.

McCall & McCall, of Weatherford, for appellant.

King Fike and Tatum & Tatum, all of Dalhart, and Wm. Q. Boyce, of Amarillo, for appellees.

FOLLEY, Justice.

This suit was instituted by the appellant, J. D. Doughty, against the appellees, R. A. DeFee as county judge of such county and

the four county commissioners and Hartley County, to enjoin the appellees from opening a county road and to set aside orders made by the commissioners' court attempting to establish the road as a first class road across appellant's land.

The appellant is the owner of all of Sections 254, 255 and almost all of 292 in Block 44, H. & T. C. Ry. Co. Survey in Hartley County. Sections 254 and 255 are contiguous to each other, 254 being west of 255. They are each adjacent on the south to a paved highway leading from Dumas to Hartley, Texas. Immediately north and adjacent to Section 255 is Section 292. The latter section is owned by the appellant except for a narrow strip on the west side which is claimed by limitation by R. A. DeFee, County Judge of Hartley County, who is the owner of Section 293 which is immediately west of appellant's land in Section 292 and north of appellant's land in Section 254. Sections 296 and 297 in Block 44 are immediately north and adjacent to Sections 293 and 292, respectively.

On July 16, 1938, Asa Willis and eight others filed a petition with the county commissioners for the opening of a road beginning at a point in the Hartley-Dumas highway at the southeast corner of Section 254 and the southwest corner of Section 255 and extending north between various sections for a distance of seven miles at which point the proposed road would connect with what is known as the Exum road. A jury of view was duly appointed and made its report on August 31, 1938, recommending that the road as proposed be not established, and further recommending that a road one mile east would be of service to more people and less expensive. The jury of view allowed no damages. The commissioners' court thereafter on September 12, 1938, passed an order attempting to establish the proposed road and accepting the report of the jury of view except as to the recommendation seeking to relocate the road, and also allowing the appellant no damages.

On December 6, 1938, the appellant filed his original petition for injunction and for cancellation of the order of September 12, 1938. A temporary writ of injunction was issued and the cause was set for trial on April 10, 1939. On the latter date the commissioners' court passed another order purporting to amend its order of September 12th and allowed the appellant $159 as damages. Upon such order being passed the cause in the district court was continued.

On the same date, after the cause was continued the commissioners' court upon its own motion passed a new order establishing the road for approximately two miles beginning at a point on the Dumas highway at the southeast corner of Section 254 and the southwest corner of Section 255 and running north two miles to the southeast corner of Section 296 and the southwest corner of Section 297. Such order recited that the north five miles of the originally proposed road had been opened by the respective property owners; that their fences had been set back, the road opened and graded and used by the public as a public highway; that the appellant had declined and refused to permit the road opened across his lands; that a necessity existed for the opening of the south two miles of the proposed road and such road was ordered opened; and that C. H. Farmer, E. J. Bryant, Roy Brown, Joe Clifton and Burt Jarrett be appointed a jury of view to assess the damages and in connection with a public surveyor, if deemed necessary, to lay out, survey and describe the road to the greatest advantage to the public. Thereafter on May 8, 1939, the commissioners' court passed another order reciting that the above named five men had been theretofore appointed as a jury of view to lay out the proposed road and assess the damages; that it appeared they had not completed their duties; and that they were reappointed as such jury of view and continued over to the next regular term of the commissioners' court and ordered to view and lay out the proposed road, assess the damages and make a report to the June, 1939, Term of the commissioners' court. In this order the five men reappointed as a jury of view were declared to be "duly qualified persons". The testimony shows that at least two separate views of the road were made by members of the jury of view. The exact number present at the first view is not disclosed by the evidence. E. J. Bryant, one of the jurors, testified that some time after his appointment and before June 3, 1939, when their final report was signed, he, along with some other members of the jury, went over the proposed route and viewed the road. The evidence further reveals, however, that on June 3, 1939, all of the jury of view except Bryant went over the proposed

route and viewed the road after which they met on the same day with Bryant at a schoolhouse near the road where all five members participated in the proceedings when the final route was adopted and the damages assessed. On June 12, 1939, their report signed by all five members of the jury was filed with the commissioners' court. This report designated the route of the road, recommended its establishment and awarded the appellant damages in the sum of $178.80 and R. A. DeFee damages in the sum of $77.30. On the same day this report was filed, the commissioners' court entered its order approving the report and ordered the road opened according to the field notes filed with the report.

On September 19, 1939, the appellant filed his first amended petition in the instant cause, and thereafter a supplemental petition, in which he attacked all the proceedings of the commissioners' court and the jury of view for various alleged irregularities as shall hereinafter appear.

The appellees filed a plea in abatement and an amended answer in general affirming the validity of the last proceedings of the commissioners' court and admitting the invalidity of the former proceedings.

The trial was before the court without a jury. The court rendered judgment perpetuating the injunction in so far as the orders of the commissioners' court of September 12, 1938, were concerned, but decreed that the appellant was not entitled to injunctive or other relief relative to the order of April 10, 1939, and the proceedings thereunder, wherein the commissioners' court upon its own motion ordered the south two miles of the road opened. The effect of the judgment was the denial of relief to the appellant against the opening of the road, and from such judgment the appellant prosecutes this appeal.

■ The appellant challenges the establishment of the road on the theory that J. G. Clifton and Burt Jarrett, two members of the jury of view appointed on April 10, 1939, and reappointed on May 8, 1939, were not freeholders of Hartley County as required by article 6706 of Vernon's Annotated Civil Statutes. In the first place, we think it was not conclusively shown that these two jurors were not freeholders within the meaning of the statute. 27 C.J. 896. It is true that each of them testified that he owned no land in Hartley County, but the testimony on this question did not end there. Clifton also testified that he was a member of the Consumers Fuel Association of Hartley, Texas, and that such association owned certain real estate in the county. Jarrett also testified that he owned an interest in the Farmers Supply Company of Hartley, and from his other testimony a very strong inference prevails that such company owned the building and lot where it did business in the county. Moreover, as above stated, the commissioners' court by its order of May 8, 1939, certified that all five members of the jury of view were duly qualified to serve and the appointment of such jurors was in no manner contested before that tribunal. In addition to this, the record shows that all members of the jury of view participated in the final decision of such group and signed the report as required by the statute which by its terms permitted a majority of them to act. Under all these circumstances we think the assignment is without merit. Lawrence et al. v. Gordon et al., Tex.Civ.App., 209 S.W. 702, writ refused; Huggins v. Hurt, Judge, et al., 23 Tex.Civ.App. 404, 56 S.W. 944, writ denied; Vogt v. Bexar County et al., 16 Tex.Civ.App. 567, 42 S.W. 127, writ denied, 91 Tex. 285, 43 S.W. 14; Middleton v. Presidio County et al., Tex.Civ. App., 138 S.W. 812, writ denied.

■ In connection with the foregoing complaint, the appellant attacks the report of the jury of view and the order based thereon because of the alleged irregularity of the administering of the statutory oath to C. H. Farmer, another member of the jury of view. The appellant asserts that the oath was administered to such juror by Frank M. Tatum, specially hired counsel of the appellees. It is true that Farmer was sworn by Mr. Tatum but there was some testimony indicating that he was later sworn by another, and the report of the jury of view recites that the jurors were sworn according to law. But granting that he was sworn only by counsel for appellees we think this fact would not within itself void the acts of such juror nor of the jury of view upon which he served. The act of administering the statutory oath to this juror was purely ministerial and not quasi judicial. The rigid rule which is applied to oaths in criminal proceedings has not been extended to ministerial acts in civil proceedings. The assignment is

therefore overruled, 11 Tex.Jur. 348, para. 11; Ryburn v. Moore, 72 Tex. 85, 10 S. W. 393; Kosminsky v. Raymond et al., 20 Tex.Civ.App. 702, 51 S.W. 51; Forest Oil Co. et al. v. Wilson et al., Tex.Civ. App., 178 S.W. 626; Lundy v. Little et al., Tex.Civ.App., 227 S.W. 538; Snodgrass et al. v. Brownfield State Bank, Tex. Civ.App., 251 S.W. 567; Sneed v. Falls County, 91 Tex. 168, 41 S.W. 481; Galveston, H. & S. A. Ry. Co. v. Baudat et al., 18 Tex.Civ.App. 595, 45 S.W. 939; Power v. First State Bank of Crowell, Tex.Civ.App., 162 S.W. 416.

█ █ Also in connection with the first assignment the appellant contends that the road was not legally viewed out because of the additional fact that one of the jurors of view, E. J. Bryant, was a petitioner for the road originally and was a brother of one of the county commissioners, G. N. Bryant. The appellant's contention that being a petitioner for a road disqualifies one from serving on the jury of view has been decided adversely to him in Vogt v. Bexar County et al., 16 Tex.Civ.App. 567, 42 S.W. 127, writ denied, 91 Tex. 285, 43 S.W. 14. Upon the same reasoning expressed in the Vogt case we are also not impressed with appellant's contention that the proceedings were void because such juror was a brother of one of the county commissioners.

█ By his fourth proposition the appellant attacks the report of the jury of view and the view of the road made by such jury because, he asserts, the juror E. J. Bryant did not go over the road with the other four members and view it out as required by law. This assignment is apparently based upon the fact that Bryant was not present with the other four jurors on June 3, 1939, when these four viewed out the road immediately before all five members met at the schoolhouse on the same day to make their final report. Under the law and the record presented, we think this matter is immaterial. It is apparent that a majority of the jury of view were present to view the road on the occasion in question. Also, as above indicated, the testimony shows that Bryant had theretofore viewed out the proposed road with other members of the jury and his testimony shows that he was thoroughly familiar with the land involved. It is conceded that he met with the other four members at the schoolhouse, participated in the final proceedings laying out the road and assessing the damages and with the other members signed and approved the report. In almost an identical situation, except that the juror involved viewed the road after instead of before the view of the other four members, it was held that there was a substantial compliance with the statutory requirements. Norwood et al. v. Taylor County et al., Tex. Civ.App., 93 S.W.2d 573, 575. In the case cited the observation was made that although it might be desirable there was "no statutory requirement that the jury of view shall inspect the route of the proposed road in a body". We are therefore of the opinion there is no error in this assignment. Robison et al. v. Whaley Farm Corporation, 120 Tex. 633, 37 S.W.2d 714, 40 S.W. 2d 52; Middleton v. Presidio County et al., Tex.Civ.App., 138 S.W. 812, writ refused.

█ The appellant next complains because the attorneys for the appellees met with the jury of view during their final deliberations at the schoolhouse and brought into the meeting a specially prepared map and field notes of the proposed road. This assignment must be overruled for two reasons: First, the appellant has no pleading to support such alleged irregularity and his injunctive relief must necessarily be based upon his allegations. Secondly, the testimony does not show that any undue influence was exerted upon the jury of view by such attorneys or that the discretion of the body was in any manner affected by their presence. The fact that the jury of view adopted the field notes prepared by others does not of itself show that the road adopted was not the one which, in the judgment of the jury, should have been established. Hill et ux. v. Taylor County et al., Tex.Civ.App., 294 S.W. 868; Norwood et al. v. Taylor County et al., Tex.Civ.App., 93 S.W.2d 573; Allison et al. v. Sutton County et al., Tex.Civ.App., 278 S.W. 928, writ refused.

█ By his sixth proposition the appellant contends that the orders and proceedings opening the road are void because R. A. DeFee, the county judge who presided over the meetings of the commissioners' court, owned lands along the proposed route and was therefore personally and financially interested in such proceedings. The order of April 10, 1939, establishing the road was passed by the affirmative votes of the four county commissioners. The county judge did not vote. The order accepting the report of the jury of view shows that all the members of the commissioners' court

were present at its adoption but does not show how the individual members voted. However, if such judge was disqualified to vote, which question we are not required to decide, it is not shown that he voted in any of the proceedings; and since three members of the commissioners' court constitute a quorum and it is not shown the orders were not passed by a qualified quorum, the appellant has shown no injury in this respect. Dalton et al. v. Allen et al., 110 Tex. 68, 215 S.W. 439.

Under his seventh proposition the appellant attacks the constitutionality of the procedure of the commissioners' court in opining the road and asserts that his property has been taken without due process of law. We think this contention is without merit. The proceedings outlined in article 6703 et seq., were strictly followed by the commissioners' court and the jury of view. Moreover, the law afforded the appellant the right to present his claim for damages to the jury of view, which he did in this case. He was further afforded the right to appeal to the county court in the event he was dissatisfied with the award of damages. Furthermore, the equitable powers of the district court were available to him to review the proceedings for the opening of the road and to determine their validity, which is the very object of the instant suit. We therefore conclude that the appellant's property was not taken without due process of law and that the procedure involved is not unconstitutional. Vogt v. Bexar County et al., 5 Tex.Civ.App. 272, 23 S.W. 1044, writ refused; Haverbekken v. Coryell County et al., Tex.Civ.App., 290 S.W. 573, writ refused.

The appellant's next assignment is with reference to the court's refusal to admit certain testimony to the effect that there was no public necessity for the opening of the road, thus seeking by such proffered testimony to impeach the good faith of the commissioners' court in declaring such a necessity. This assignment is based solely upon the following occurrences during the trial. The record reveals that the witness Burt Jarrett was asked by appellant's counsel if in his opinion the road as located met a matter of public necessity and convenience. To this question he responded in the negative. Objection was made to this testimony by counsel for appellees and the objection was sustained by the court but the testimony was not stricken from the record nor was any request made therefor. Also, in connection with the examination of the witness Marvin Stinnett the trial court stated to counsel for the appellant that he would not permit the introduction of proof as to the number of people served by the road. The appellant's counsel did not offer evidence from this witness nor from any other witness for the purpose of developing and perfecting his bill of exceptions in this respect. However, if such testimony had been admitted to the effect that there was no public necessity for the road the same would not have been conclusive of the issue nor would it have necessarily convicted the commissioners' court of gross abuse of discretion, fraud or collusion in the opening of the road. Absent such a showing, the order of the commissioners' court is binding and conclusive. West Production Co. et al. v. Penn, Judge, et al., Tex. Civ.App., 131 S.W.2d 131, writ refused; Hidalgo County et al. v. Johnstone et al., Tex.Civ.App., 137 S.W.2d 825, writ dismissed, correct judgment.

By his ninth proposition the appellant asserts the commissioners' court was without authority to enter the order of April 10, 1939, because the previous proceedings were then in litigation and their validity had not been determined. This issue has been foreclosed against the appellant by the case of Evans et al. v. Santana Live-Stock & Land Co., 81 Tex. 622, 17 S.W. 232. See also Easter Oil Corporation v. Wilbarger County et al., Tex.Civ.App., 30 S.W.2d 438.

In his next proposition the appellant contends that the order of April 10, 1939, and all proceedings thereunder were void because the commissioners' court was without legal authority to open the road upon its own motion. In this connection he asserts that such a road may be opened only in response to an application therefor by the requisite number of freeholders. The appellant's contention in this respect has been expressly overruled by the Supreme Court in the case of Robison et al. v. Whaley Farm Corporation, 120 Tex. 633, 37 S.W. 2d 714, 40 S.W.2d 52, in a well reasoned opinion by Commissioner Short which was adopted as the opinion of the Supreme Court. The appellant in his brief refers to such holding and urges that the same is erroneous and that the question was not well decided by Commissioner Short. If we were inclined to agree with the appellant, which we are not, we would be unwarranted

in attempting to override this last expression upon the subject by the Supreme Court. The assignment is therefore overruled.

■ The appellant next contends that the State of Texas was a necessary party to this suit because the order of the commissioners' court attempted to take property belonging to the State of Texas. This assignment is based upon the theory that the road had its beginning at a point in the Dumas highway at the southeast corner of Section 254 and the southwest corner of Section 255. We are of the opinion this contention is hypercritical. We think the record clearly shows it was the intention of the commissioners to open a road from the Dumas highway proceeding north through the appellant's land, and by no reasonable construction of the proceedings could it be said that they intended to appropriate any property or easement rights of the State of Texas on the Dumas highway.

■ By his last assignment the appellant contends that the proceedings were illegal and void because it appeared the appellees had made no effort to reach an agreement with the appellant as to the damages due him. We think it is settled that the county commissioners were afforded two distinct remedies under which the land of the appellant might have been taken for the construction of the road. The land might have been condemned under the general eminent domain statutes or it might have been taken, as in this case, under the statutes relating strictly to the establishment of roads. Tarrant County v. Shannon et ux., 129 Tex. 264, 104 S.W.2d 4. Had the commissioners pursued the former remedy rather than the latter there might have been some merit in appellant's present contention. A showing of such a failure to agree on damages is a prerequisite to the filing of a condemnation suit under the eminent domain statutes, but no such requirement is made necessary under the provisions of article 6703 et seq., under which the appellees proceeded. There is no contention made that the jury of view failed to comply with the requirement of article 6709 relative to giving notice to the appellant. After receipt of such notice the appellant filed his claim with the jury of view and the damages were assessed on the day appointed. The procedure thus followed was all that was required of the jury of view or of the appellees with reference to negotiations with the appellant in regard to damages.

Moreover, we think the evidence was sufficient to support a presumed finding by the trial court that the respective parties were unable to agree upon the damages. This assignment is overruled.

The judgment is affirmed.