## JONES v. PATTON, County Judge, et al.
### No. 12247.

Court of Civil Appeals of Texas. Galveston.
Dec. 14, 1950.

Rehearing Denied Jan. 4, 1951.

Pitts & Liles and J. R. Liles, all of Conroe, for appellant.

Davis & Phillips and J. G. Davis, all of Huntsville, for appellees.

GRAVES, Justice.

This is an appeal from a judgment of the District Court of Walker County, denying plaintiff, appellant, injunctive-relief against defendants, appellees.

The suit had its inception in the action of the defendants—in their official capacity —in appointing a "jury-of-view," as provided for by Articles 6703 et seq., Revised Civil Statutes of Texas, to lay out a road across a tract of land belonging to plaintiff. Pursuant to such order, the "jury-of-view" proceeded to lay out this road, and, after receiving the report, the defendants passed the order here complained of, ordering the road opened.

Plaintiff then filed her petition, seeking to enjoin the defendants from opening such road, alleging that the action of the Commissioners' Court of Walker County in so ordering the road opened was void.

The trial court heard the application, without the intervention of a jury, and refused an injunction.

Appellant's points for reversal assert error upon the trial court's part in failing to make each and all of these three holdings:

1. "the description of the land sought to be taken was wholly insufficient;"

2. "the Commissioners' Court of Walker County abused its discretion in ordering the road opened across Appellant's lands;"

3. "the Commissioners' Court of Walker County was without jurisdiction to enter its order approving the report of the Jury-of-View, and in ordering the road opened."

None of these contentions, it is determined, should be sustained.

It seems to this Court that the litigants here do not differ as much about the principles of law deemed by either of them to be involved as they do over the geography of the particular tract of land affected; had a specific sketch or map thereof, with its environs, been brought up with the appeal in supplement to the various maps and descriptions in the Statement-of-Facts, it would have aided in the application of the law thereto.

However, this clear-cut finding and adjudication by the trial court in the judgment it rendered, which, it is held, has not been successfully controverted by the appellant, clarifies the whole controversy, to-wit:

"The Court finds that the Commissioners' Court of Walker County, Texas, has heretofore established and created a Public Road 4670 feet in length by 30 feet in width across the lands of plaintiff, and has classified the same as a third class road; that at the time of the establishment of said Public Road the Commissioners' Court found that said Public Road was necessary for the convenience of the public; that all the proceedings by which Public Road was established, created, and ordered opened, were regular and in accordance with the law made and provided for the opening and establishment of Public Roads by Commissioners' Courts; that there was, and is, a public necessity for the establishment and opening of said Public Road, and that the Commissioners' Court did not abuse its discretion in establishing, creating, and ordering said Public Road opened, and that the law and facts are with the defendants."

Indeed, when the record, inclusive of the Statement-of-Facts, is looked to, it seems clear that no infringement of the rights of the appellant resulted from the judgment so rendered.

It may not be amiss to thus re-state what are deemed to be the controlling facts, as follows:

"This road was sought to be opened under Title 116, Chapter 2, Rev.Civil Statutes. On its own motion, proceedings were instituted by the Commissioners' Court by an order on June 12, 1950, ordering the establishment of the road, and appointing the Jury-of-View. That order described the road by metes and bounds, fixed its Northern terminus at a definite point in the North boundary line of appellant's 337-acre tract, described the course and distance of the center line of the road as South 30 East 4670 feet, fixed its Southern terminus at a

# 194

definite point in the North boundary line of Highway 45, and fixed its width at 30 feet, 15 feet on each side of the center line.

* * *

"The Jury-of-View qualified according to law and issued and caused notices to be served on appellant and six (6) other persons, or firms, claiming some interest in the 337-acre tract. Each notice so issued was identical, and described the road to begin at a definite point in the North line of appellant's 337-acre tract, to run South 30 East 4670 feet to a definite point in the North boundary of Highway 45, and to be 30 feet in width, 15 feet on either side of the center line. It did not * * * attempt to establish the road North of the North line of appellant's 337-acre tract.

"The report of the Jury-of-View was made June 26, 1950. It described the road by metes and bounds, fixing the Northern terminus of the road at a definite point in the North boundary line of appellant's 337-acre tract. * * *

"By order on July 10, 1950, the Commissioners' Court accepted the report of the Jury-of-View, * * * established the road, and described it by metes and bounds identically with the description contained in the Report of the Jury-of-View."

In fact, the testimony of Mr. Heath, Appellant's own witness, as to the location on the ground of the roadway so decreed across the appellant's 337-acre tract, fully supported the trial court's stated findings; not only so, but his uncontradicted explanation of the conditions then and for many years prior thereto, justified, if they did not require, the conclusions the trial court so arrived at.

Wherefore, it is deemed unnecessary to go further into a repetition of the facts here involved.

The appellant appears to rely in the main, if not entirely, for her attack upon the legality of the injunctive-order against her, upon the case of Jameson v. Erwin, Tex.Civ.App., 91 S.W.2d 1129. A reading, however, of the court's opinion in that cause demonstrates, it is thought, that it was in no wise based upon the legal-equivalent of the facts existing in this cause, but, in contrast therewith, the situation there was substantially this:

"in the order appointing the Jury-of-View, in the notices issued to the landowners, in the report of the Jury-of-View, and in the order accepting the report and establishing the road, the description of the road itself, as contained in those various instruments, called to begin at a fixed point in the Weatherford and Lake Worth Road, to go across nine different tracts of land, and to come 'out, in and to' the Azle and Aledo Road at an undetermined point. There, all of the proceedings described and sought to open a road across Jameson's land, and then across lands of eight other landowners to a well-defined road, without describing the road, and without fixing the Northern terminus thereof."

In such a situation, it follows that the holdings in the Jameson Case could not apply in this instance, where the description of the road in the order appointing the Jury-of-View and the notices issued in the jury's report, and the court's order approving such report, all fix the north terminus of this road at a fixed point in appellant's north line, and call for the road to go thence 30 E. 4670 feet to a fixed point in the north line of State Highway 45.

A full range of authorities supporting these conclusions may, it is thought, be thus cited: Art. 6703, R.C.S; Art. 6708, R.C.S.; Bradford v. Moseley, Tex.Com. App., 223 S.W. 171; Constitution of Texas, Art. 5, Sec. 1, Vernon's Ann.St.; Constitution of Texas, Art. 5, Sec. 8, Vernon's Ann. St.; Doughty v. DeFee, Tex.Civ.App., 152 S.W.2d 404; Hidalgo County v. Johnstone, Tex.Civ.App., 137 S.W.2d 825; Jameson v. Erwin, Tex.Civ.App., 91 S.W.2d 1129; Porter v. Johnson, Tex.Civ.App., 151 S.W. 599; Sneed v. Falls County, 91 Tex. 168, 41 S.W. 481; West Production Co. v. Penn, Tex.Civ.App., 131 S.W.2d 131; Willcox v. Jackson, Tex.Civ.App., 106 S.W.2d 766.

Without further discussion, the judgment is affirmed.

Affirmed.