## T. H. HAYS & CO. v. E. M. SAMUELS & SONS.

(Case No. 2971.)

1. CERTAINTY — ACCOUNT — STATUTE CONSTRUED.— An account between merchant and merchant attached to a petition, and referred to as an exhibit by appropriate allegations, regarding the sale and delivery of goods, which contained the following item, "1873, August 30. To merchandise, $114.50," is sufficiently certain and in compliance with arts. 4611 and 4612, Pasch. Dig.

2. DISTINGUISHED.— This case distinguished from Love v. Doak & Tims, 5 Tex., 346, and May & Co. v. Pollard, 28 Tex., 678.

3. EVIDENCE.— The possession of acceptances by the plaintiff, drawn by defendant on him in favor of third parties, is sufficient to raise the presumption that he had paid them.

4. VARIANCE.— See statement of case for variances held not to be fatal.

ERROR from Cook.	Tried below before the Hon. J. M. Lindsay.

E. M. Samuels & Sons brought this suit against T. H. Hays & Co. on the 19th day of October, 1874, to recover $763.50 claimed to be due by account, which was attached to and made part of the petition.	The principal items of the account were acceptances in favor of divers parties, drawn by Hays & Co. on Samuels & Sons.	The defense was a general denial and plea of payment.	A trial was had July 16, 1875, which resulted in a verdict and judgment against Hays & Co. for $292.70.

The assignment of errors are sufficiently manifest from the opinion.	The variances insisted on as fatal are as between the name "Merrill" and "Murrell," "E. M. Samuel & Sons" and "E. M. Samuels & Sons," "Hayden Wilsons & Allen" and "Hayden Wilson & Allen."

*W. O. Davis*, for plaintiff in error.

*Wilkins & Story*, for defendant in error.

WATTS, J. COM. APP.— The plaintiffs in error insist that the account or bill of particulars attached to the petition, so far as it relates to the merchandise charged therein, is in contravention of articles 4611 and 4612, Paschal's Digest, and for that reason it was error to admit evidence in support of those items.	The articles referred to require that the respective times or dates of the delivery of the several articles charged in any such account shall be particularly specified.	The petition, so far as it relates to the sale and delivery of the merchandise, contains the appropriate allegations necessary to that character of action.	The items as charged in the account are about the same, and will be sufficiently illustrated by giving the first item, which is as follows: "1873, August 30.	To merchandise, $114.50."	Taken in connection with

the allegations in the petition, this item sufficiently shows that on the day named the defendants in error sold and delivered to plaintiffs in error merchandise to the value of $114.50, and in this particular is a compliance with the said articles of the statute, which constituted at the time part of the law of limitations. The dates of delivery of the articles charged for in an account was required, so as to prevent any evasion of the law of limitation, by either post-dating or failing to give the date of sale and delivery. The cases referred to as sustaining the theory of plaintiffs in error are Love v. Doak & Tims, 5 Tex., 346, and May & Co. v. Pollard, 28 Tex., 678. The intimations found in these cases are in regard to items in an account totally dissimilar from that under consideration. The item in Love v. Doak was "for $215.70, as per bill rendered;" and in May v. Pollard, "amount account rendered, $380.58." No sort of reasonable construction could extract from these items the date of the delivery of the articles, constituting the " bill " or "account rendered."

The petition and account attached to it satisfactorily establishes that it was an account between merchant and merchant; and as no limitation affected such transactions, the reasons and policy of the sections mentioned above did not apply to the question raised in this case.

There was no exception taken to the petition, and as a cause of action was stated therein which must have been held good on general demurrer, the court ruled correctly in admitting evidence to establish it. The rule in this particular is so clearly and explicitly stated by Justice Roberts in Black v. Drury, 24 Tex., 291, that to do more than cite that case might tend to confuse that which is clear and easy of apprehension.

The objection that there was no evidence to establish that the acceptances charged in the account were paid by the defendants in error, is not supported by the record. The possession of the acceptances by them was sufficient

to raise the presumption that they had paid them. Abbott's Trial Evidence, p. 809, sec. 20; Wharton's Law of Evidence, § 1362. Besides, the witness Lonergan testifies that all of the drafts and acceptances named in the account were paid by the defendants in error.

It is claimed that there was a fatal variance in some of the acceptances as described in the account, as to the names of the parties in whose favor the same were drawn. To constitute a variance, the misdescription must be such as to mislead or surprise the adverse party. McClelland *v.* Smith, 3 Tex., 210. The variance insisted on, it is clear, is not such as could have misled or surprised the plaintiffs in error.

The judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered November 1, 1881.]