## W. D. RYBURN v. C. F. MOORE.

### No. 2611.

**1. Lawyer acting as Notary Public.**—While suit was pending it became necessary for the plaintiff to make and file with the clerk an affidavit of inability to make a bond for costs. Such affidavit was prepared for plaintiff by his attorney in accordance with the statute (Rev. Stats., 1438), and the attorney being a notary public the affidavit was sworn to by the client before his attorney as notary; the affidavit so made was filed and the case proceeded upon it. *Held,* that inasmuch as the terms of the affidavit are prescribed by the statute, and that it may properly be written by the attorney, that it is of no consequence before what officer authorized to administer oaths the affidavit be made, and that it was not improper for the attorney to take the affidavit.

**2. Evidence of General Bad Character.**—In an action for false imprisonment the defendant can not, either to show good faith in making the arrest or to diminish the claim for damages, show the general bad character of the plaintiff nor facts warranting such character totally disconnected with and independent of the transaction the subject of the litigation.

APPEAL from Ellis. Tried below before Hon. Anson Rainey.
The facts are stated in the opinion.

*M. B. Templeton,* for appellant.—We desire to call the court's special attention to the first and second errors assigned and submitted in brief.

1. It will not meet the demands of public policy to simply "disapprove" the policy of attorneys taking the affidavits of their own clients. If an attorney can, as notary public, swear his client to an "oath *pauperi*," why can not he also take affidavits for attachments, sequestrations, and injunctions?

2. Appellee recovered in the case upon the theory that he suffered mental anguish, etc. If he was a "dead beat," "a fugitive from justice," "a violator of law," and "a frequent inhabitant of calaboose and jail," as appellant proposed to show, would not these facts bear directly upon the question of damages?

WALKER, ASSOCIATE JUSTICE.—This is an action by C. F. Moore against appellant, the sheriff of Ellis County, for false imprisonment.

The petition alleges that in June, 1887, in Ellis County, Texas, Ryburn assaulted plaintiff and with force compelled him to quit his business and go to jail in Waxahachie, and then and there imprisoned plaintiff and kept him a prisoner without any probable cause or lawful authority for the space of nine days, causing loss of earnings in his business sixty dollars, and "that said imprisonment caused him great suffering, distress, agony, and humiliation, both of mind and body, to his actual damage two thousand dollars." The petition also claimed vindictive damages.

The defendant specially excepted to the item of sixty dollars which it was alleged was lost from his failing by the arrest to make a shipment of cattle, in which business he is alleged to have been engaged.

Defendant also pleaded general denial and justified under a capias from Johnson County for the arrest of Charley Moore.

The case was tried without a jury and judgment was rendered for plaintiff for eighty-five dollars.

The first assignment of errors complains that the court overruled a motion by defendant to strike out an affidavit filed by plaintiff of inability to give security for costs, filed under article 1438 of Revised Statutes. The ground for the motion was that the notary before whom the affidavit was made was one of the attorneys for the plaintiff. We are referred to no authorities. In Weeks on Attorneys at Law, under section 122, it is stated: "In all legal proceedings and at every stage of a cause a court scrupulously guards against entrusting the execution of its mandates to persons having any interest in the cause. The law will not tempt those having an interest in any way to abuse its process for the purpose of promoting selfish ends. So a solicitor in a cause has been held disabled from acting as a special master to execute a decree in the cause, nor can an attorney make a writ and endorse his name upon it as attorney for the plaintiff and also sign it as a justice of the peace." Our courts have suppressed depositions when taken by an attorney in the suit, for the obvious reason that the testimony may receive color from the interested official.

The notary is authorized to administer oaths and to give certificates thereto. Attorneys at law often are appointed to the office. It was proper for the attorney for plaintiff to prepare the affidavit if required by his client. The statute prescribes its contents. If sworn to before his attorney as a notary, if false it would be perjury. The attorney as a witness in a prosecution for perjury or false swearing upon the affidavit would be a competent witness if called to prove the fact of making the affidavit and of the affiant's knowledge of its contents. As in no possible way could the defendant be injured by one or another officer taking the affidavit, we can not see that the court erred in refusing to strike out the affidavit.

The second assignment of error complains of the action of the court in sustaining objections, because immaterial and improper, to the question asked by defendant to a witness on cross-examination, "Was it not a fact that plaintiff, Charley Moore, in June, 1887, and long before that time, was regarded by the public generally where he lived as a 'dead beat,' a violator of law, and a fugitive from justice, and had he not been frequently confined in the calaboose and jail for violations of law?"

Appellant insists that inasmuch "as the gist of the plaintiff's action being that he had been wrongfully arrested and suffered *mental* damage, etc., the question was germane both to show good faith in making the arrest and upon the question of damage."

The statement of facts shows that plaintiff had been arrested by a deputy of defendant, as alleged, upon a capias for Charley Moore. That he was put in jail and there confined until at the convenience of the sheriff the plaintiff was sent in custody of a deputy to Fort Worth to meet the sheriff of Young County. That at Fort Worth the sheriff of Young County failed to identify plaintiff as the man wanted, when he was released, the deputy paying his expenses back to Ennis where he had been arrested. He was in confinement eight or nine days. There was testimony to the general character of plaintiff as wanting in veracity. This was proper, as he tendered himself as a witness. Testimony also was given to his occupation and value and want of it of his services. There was conflicting testimony to his treatment while in jail. The testimony of the plaintiff was that he was not the party for whose arrest the capias was issued and that he had remonstrated with the officer making the arrest, protesting his innocence; that he had not been long in the country and could not give bond, etc.

The question excluded was simply to prove the general bad character of the plaintiff and facts warranting it, totally independent of the transaction.

"In civil cases evidence of character is not admissible unless the nature of the action involves the general character of the party or goes directly to affect it." 1 Green. Ev., sec. 54. "The character of a party in regard to a particular trait is not in issue unless it be the trait which is involved in the matter charged against the party." Ib., sec. 55.

If it should even be conceded that to show good faith in the officer arresting the plaintiff under the charge of theft, his character for honesty being involved, still the general sweeping questions asked were irrelevant.

If asked with reference to the measure of damages, there is no shadow of relevancy. The question, and all parts of it, was properly excluded.

Other assignments question the sufficiency of the testimony. The plaintiff testified that he was innocent of the theft named in the capias, and the sheriff of Young County could not identify him as the accused for whom the capias was issued. He was arrested after protesting his innocence, and after his arrest he warned the sheriff that he would seek redress. The testimony was sufficient.

The plaintiff may have been a tramp, but the courts were open to him. He may have been a notorious offender against the law, but neither the law nor its officers could call him to account for the crimes of another. Nor do the scales of justice weigh against him his offenses against others when vindicating his own rights against their invasion by the defendant.

Finding no error, the judgment will be affirmed.

*Affirmed.*

Opinion November 13, 1888.