M. KOSMINSKY v. RAYMOND, HAWES & CO.

Decided May 10, 1899.

1.  Affidavit—Attorney for Affiant as Notary.

An attorney who is a notary public may lawfully attest the affidavit of his client to his answer as garnishee.

2.  Same.

The act of a notary in taking an affidavit is merely ministerial, and, though he is acting as attorney for the affiant, is not invalid,—being distinguishable from the cases of an attorney taking his client's deposition or his acknowledgement to a deed, in that it requires neither judicial nor discretionary action.

APPEAL from County Court of Bowie County. Tried below before Hon. R. H. JONES.

*P. A. Turner*, for appellant.

*W. H. Tilson* and *Henry & Henry*, for appellees.

OPINION ON MOTION FOR REHEARING.

FISHER, CHIEF JUSTICE.—This is a garnishment proceding instituted by the appellees against the appellant. The answer of the appellant as garnishee complies with the terms of the statute, but the court below dismissed the answer because, it seems, it was sworn to before the attorney of the garnishee, who was at the time a notary public. The only point presented is whether the attorney of the garnishee, who is a notary public, may swear the garnishee to the truth of the statements contained in his answer.

In the original opinion we held that the attorney, although a notary public, was not, under such circumstances, authorized to administer the oath to the garnishee. A reconsideration of this question convinces us that we erred in this ruling.

There are decisions from the courts of this State to the effect that an attorney, as a notary public, can not take the acknowledgment of a married woman, who is then his client, to a deed, nor take depositions of witnesses to be used in cases in which he may be an attorney for either of the parties. Taking the acknowledgments, under such circumstances, to deeds or instruments of writing is, to some extent, judicial in character, as the officer in taking such acknowledgments has to exercise some discretion in passing upon the facts that authorize such acknowledgments to be made.

It can readily be perceived why an attorney interested in a case should not be permitted to take the depositions of witnesses to be used on the trial. Taking down such testimony is an ex parte proceeding, and the officer who may be charged with the performance of such duty ought not to be interested in the controversy, either as a party or as an attorney,

as the opportunity ought not to be given for coloring the testimony in favor of the party who is charged with the duty of reducing the answers of the witness to writing. But the work of swearing a party to the truth of the contents of a paper and officially attesting the same is ministerial in character, and involves the exercise of no judicial labor nor of discretion, and we believe that making an affidavit before an attorney, such as in the case before us, is not prohibited upon principle and presents a different case from those in which attorneys take the acknowledgments of their clients to instruments of writing or the depositions of witnesses in causes in which they are interested.

There is no statute in this State which prohibits an attorney from acting as a notary public, and the law in express terms confers upon the notary power to administer oaths and take the affidavits of parties to written instruments.

In the case of Ryburn v. Moore, 72 Texas, 86, a motion was made to strike out an affidavit filed by the plaintiff, to the effect that he was unable to give security for costs, because it was made before one of the attorneys of the plaintiff, who was a notary public. The court in passing upon the question held that this was no ground for striking out the affidavit.

The Supreme Court of Indiana, in the case of Yeagley v. Webb, 86 Indiana, 425, in passing upon a motion to strike out a part of the appellee's answer because it was sworn to by her before her attorney, says: "The court committed no error, we think, in overruling this motion. We know of no law in this State which forbids an attorney, who is also a notary public, from administering an oath to his client. The propriety of such an act may, possibly, be questioned, but the act is not illegal. The oath thus administered is a legal oath, and if untrue the affiant might doubtless be convicted of perjury therefor."

The court in the case of McDonald v. Willis, 143 Massachusetts, 452, in passing upon the validity of an oath administered by an attorney of the party, in relation to a cause in which he was employed as attorney, says: "It is true that a man can not be a judge and an attorney for one of the parties in the same cause, but it has always been the uniform usage for attorneys for either parties to administer oaths as justices of the peace, to their clients or others, when the necessity for voluntary affidavits arises in a case; and there is no sound objection to this where the oaths are voluntary and the act of the justice is substantially ministerial and not judicial. In the case before us, the act of the attorney of the petitioner, in administering to him the oath to his certificate, was substantially ministerial, and did not involve or require any hearing, decision, or adjudication."

In the case of Reavis v. Cowell, 56 California, 591, the court, in passing upon an affidavit made by the plaintiff before his attorney, who was a notary public, resisting a motion to change the venue, after repeating a statute similar to ours, which authorizes oaths to be administered by notaries and affidavits to be made before them, says: "There is no such

limitation found in the act to the power of a notary, as is contended for in this case, and there is nothing in the rules of the court to which our attention has been directed prohibiting the notary from administering an oath to or taking the affidavit of his client. In the case of Kuhland v. Sedgwick, 17 California, 128, the court says: 'We are not aware of any provisions of law making the notary incompetent to take it' (the verification of his client). In the case of Daws v. Glasgow, 1 Burn., 8, the Supreme Court of that State [Wisconsin] uses the following language: 'Although there is an obvious impropriety in the practice, and this court is much disposed to discountenance it, yet there is no law or rule of court under authority of law, against the exercise of such a power by an attorney in the case.' In the case of Young v. Young, 18 Minnesota, 94, the court says: 'The answer to the objection that the affidavit of service was sworn to before one of the plaintiff's attorneys of record is similar. The attorney was a notary public, and therefore under section 4, chapter 26, General Statutes, which confers upon each notary public the power to administer all oaths required or authorized by law to be administered in this State, was empowered to administer the oath in this instance.' We are of the opinion that an attorney who is a notary may take the affidavit of his client. It is now and has been for many years the practice in this State, and however improper or reprehensible the practice may be, there is nothing in the law which prohibits it."

There are other authorities in support of these which it is not necessary to cite. Viewing the question solely from the standpoint of propriety, we are not disposed to encourage this practice; but viewing it in its legal aspect, there is no rule of law existing in this State which prohibits an attorney, who may be a notary, from taking the affidavit of his client.

Motion for rehearing is granted and the former judgment set aside, and the judgment of the court below reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.