### COODY v. SHAWVER et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 8, 1913. Rehearing Denied Dec. 13, 1913.)

1. PLEADING (§ 301*)—VERIFICATION—VERIFICATION BY ATTORNEY.

The fact that a pleading was verified by a party before one of his attorneys in the case was not ground for sustaining a special exception thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 314, 318, 892–897, 904–906; Dec. Dig. § 301.*]

2. PARTNERSHIP (§ 213*)—ALLEGATIONS—RELATION.

The mere allegation in the petition of joint ownership of the mules sought to be recovered was not equivalent to an allegation of partnership as to the mules.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

3. REPLEVIN (§ 8*)—ISSUES.

In an action by two persons to recover mules, or their value, which were claimed to have been converted by defendant, the questions whether plaintiffs were partners, and whether one plaintiff had paid the other for his interest therein, were immaterial.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 45–68; Dec. Dig. § 8.*]

4. PARTNERSHIP (§ 218*)—EXISTENCE OF RELATION—SUBMISSION OF ISSUE.

In an action to recover possession of mules claimed to have been converted by defendant or their value, whether defendant was the partner of plaintiff need not be submitted; the evidence not tending to show a partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 426–428; Dec. Dig. § 218.*]

5. PARTNERSHIP (§ 20*)—EXISTENCE OF RELATION.

An agreement that one of the parties thereto would furnish the money to purchase horses would not of itself constitute a partnership between the parties.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 6, 7; Dec. Dig. § 20.*]

6. PARTNERSHIP (§ 218*)—INSTRUCTIONS—DEFINING TERMS.

A requested instruction submitting the issue of partnership was defective for not stating to the jury what would constitute a partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 426–428; Dec. Dig. § 218.*]

7. PARTNERSHIP (§ 218*)—EXISTENCE OF RELATION.

An instruction, that if the purchase of horses by plaintiff was under an agreement by which defendant was to have a third interest therein upon paying to plaintiff a third of the price without fixing a time for payment, unless he paid such third within a reasonable time he would not be a partner in the stock, was not erroneous on the ground that it authorized the finding that failure to pay defendant's part of the price would dissolve the partnership, though a partnership had been consummated.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 426–428; Dec. Dig. § 218.*]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by G. H. Shawver and another against C. H. Coody. From a judgment for plaintiffs, defendant appeals. Affirmed.

Jas. A. Stephens, of Benjamin, for appellant. D. J. Brookreson, of Benjamin, and Robert Cole, of Crowell, for appellees.

DUNKLIN, J. G. H. and J. A. Shawver instituted this suit against Henry Coody to recover possession of three mules and one horse, or, in the alternative, the value thereof, also for $250, the value of two mules alleged to have been converted by the defendant; title to all of said stock being claimed by the plaintiffs. Judgment was recovered by plaintiffs, and the defendant has appealed.

The animals in controversy originally belonged to a herd of 37 head of horses and mules purchased at public sale; plaintiff G. H. Shawver furnishing the purchase money therefor, and defendant Coody bidding in the stock and taking and holding possession thereof for quite a long period of time. According to the testimony of plaintiff, G. H. Shawver, he agreed with Coody prior to the purchase that he (Shawver) would furnish the purchase money, and after the purchase Coody and plaintiff J. A. Shawver might each become the owner of a one-third interest in the stock upon payment of one-third of the purchase price, but that Coody had never paid, or offered to pay, such consideration, and had refused to turn over to the plaintiffs the stock in controversy. According to Coody's testimony, prior to the auction sale noted, plaintiff G. H. Shawver had agreed unconditionally that, if he (Coody).

would bid in the herd, G. H. Shawver would furnish the purchase money, and that the two plaintiffs and Coody would become partners and own the stock in equal shares, and that J. A. Shawver and Coody should each owe to G. H. Shawver one-third of the purchase price of the stock. The difference in these two versions of the terms of the agreement was the only controverted issue upon the trial.

[1] The allegation contained in Coody's answer of a partnership formed between the two plaintiffs and himself for the ownership and management of the herd was specially denied by plaintiffs in their supplemental petition, and this pleading was verified by plaintiffs before one of their attorneys who acted as notary public in taking the affidavit. Defendant's special exception to this pleading on the ground that the attorney was not a proper official to take the affidavit was correctly overruled. Ryburn v. Moore, 72 Tex. 85, 10 S. W. 393; Kosminsky v. Raymond, 20 Tex. Civ. App. 702, 51 S. W. 51.

[2, 3] G. H. Shawver, after testifying that his brother, J. A. Shawver, owned an interest in the horses in question and that defendant did not own any interest in them, was asked by defendant's counsel if J. A. Shawver had ever paid to witness any part of the purchase money for the herd. Plaintiffs objected to this question on the ground that defendant had 'not by answer denied under oath allegations in plaintiffs' petition that the two plaintiffs owned the horses as partners. This objection was sustained, and this ruling is made the basis of the second assignment of error. While the petition claimed a joint ownership of the horses in plaintiffs, there was no allegation of a partnership between them, nor of any fact that would constitute a partnership. Evidently the allegation of joint ownership was construed by the court as equivalent to an allegation of partnership in the plaintiffs in such ownership, which was incorrect. However, the issue of whether or not the plaintiffs were partners in the ownership of the horses was immaterial, and it was also immaterial whether or not J. A. Shawver had paid his brother for his interest in the horses. Accordingly, the second assignment of error is overruled.

[4] Appellant complains of the refusal of two special instructions requested by him upon the issue of partnership between himself and the plaintiffs. Whether or not the defendant was a partner of plaintiffs was an immaterial issue. His contention, that plaintiff G. H. Shawver agreed unconditionally that as soon as the herd was purchased defendant should become the owner of a one-third interest therein and should thereafter pay one-third of the purchase price, was submitted to the jury in the court's charge, together with an instruction that, if that contention was sustained by the evidence, a verdict should be returned in the defendant's favor. In order to establish the alleged partnership between the plaintiffs and the defendant, it would have been necessary for the defendant to show, not only that he acquired an interest in the stock, but also further facts necessary to constitute a partnership. The charge given by the court was therefore more favorable to the defendant than the two requested instructions last noted.

[5, 6] Furthermore, one of the requested instructions was erroneous, in that it. contained the proposition that, if it was agreed between the parties that G. H. Shawver would furnish the money to purchase the horses, that agreement alone would constitute a partnership between them, and the other requested instruction submitted the issue of partnership with no guide to the jury for the purpose of determining what would constitute a partnership. Hence the assignments complaining of the refusal of the requested instructions are overruled.

[7] Complaint is also made of an instruction given by the court, in effect, that if the purchase of the stock was made under an agreement whereby defendant was to have a one-third interest in the stock provided he would pay to G. H. Shawver one-third of the purchase price and no time fixed for such payment, the defendant would have a reasonable time to pay the same, and, unless he paid the same within a reasonable time, he would not be a partner with the plaintiffs in the stock. The criticism of the instruction is that by the instruction the jury were authorized to find that, although a partnership had been in all things consummated, the defendant's failure to pay his portion of the purchase price would dissolve the partnership. By the very terms of the instruction the acquisition of an interest in the property by the defendant was made to depend upon the payment by the defendant of one-third of the purchase price. In other words, the agreement submitted was merely one giving the defendant an option to become the owner of an undivided one-third interest in the stock, and, according to the defendant's own testimony, he never paid nor offered to pay any part of the purchase price. For this reason there is no merit in the assignment.

Another paragraph of the court's charge is criticised as being upon the weight of the evidence in assuming that the stock in question belonged to the plaintiffs; but, when considered in connection with other instructions contained in the charge clearly submitting that issue as a disputed issue, it is altogether improbable that the jury interpreted the charge in the manner suggested in the assignment.

There is no merit in appellant's seventh assignment complaining of an instruction permitting a finding in plaintiffs' favor of compensation for the use of certain animals claimed by the plaintiffs and used by the de-

fendant, since it appears from the verdict of the jury that no such allowance was made. We are of the opinion further that the evidence was ample to support the verdict.

By another assignment it is insisted that the judgment should be reversed because the court failed to prepare a correct statement of facts. In answer to this assignment, it is sufficient to say that a statement of facts prepared by the judge and duly certified appears in the record, and that appellant has not attempted in any manner to point out wherein the statement of facts is defective, neither has he submitted any motion to strike it from the record.

The judgment is affirmed.