## POWER v. FIRST STATE BANK OF CROWELL.

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1913. On Motion for Rehearing, Jan. 10, 1914.)

1. AFFIDAVITS (§ 11*)—AUTHORITY TO TAKE—ATTORNEY FOR PARTY.

An affidavit for a writ of sequestration was not defective because it was sworn to before plaintiff's attorney as a notary public.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 43–45; Dec. Dig. § 11.*]

2. SEQUESTRATION (§ 12*)—AFFIDAVIT—REQUISITES.

An affidavit for a writ of sequestration was not fatally defective because it did not allege that the ground stated therein was within affiant's knowledge true and correct.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 11–16; Dec. Dig. § 12.*]

3. SEQUESTRATION (§ 12*) — AFFIDAVIT — DEFECTS—REMEDY.

Where plaintiff, to obtain a writ of sequestration, made affidavit to the matter stated in the statute as grounds for the issuance of the writ, the fact that the affidavit did not recite that the ground alleged was true and correct within affiant's knowledge was not ground for suppression of the sequestration, though want of truthfulness was available in reconvention for damages.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 11–16; Dec. Dig. § 12.*]

4. JURY (§ 25*)—RIGHT TO JURY TRIAL—ISSUES—DISCRETION.

Defendant on the evening of Wednesday demanded a jury trial, which the court granted on payment of the jury fee, provided all the parties were ready for trial before the jury for the week was discharged, otherwise the case should remain on the appearance docket and the jury fee be returned. On the next morning, when the case was called, the court entered in the docket a recital that it appeared that no answer had been filed, that defendant the day before had handed to plaintiff's attorney the answer that he had prepared, but that such attorney had not time to examine the same and file any reply, and that there were exceptions to dispose of which would probably consume the entire day, whereupon the jury was discharged. *Held,* that refusal to accord defendant a jury trial under such circumstances was not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

5. BILLS AND NOTES (§ 489*)—ISSUES—PROOF—VARIANCE.

Plaintiff brought suit on a note secured by a chattel mortgage which, as alleged in the petition, was dated August 1, 1912, and described the note as providing for 10 per cent. attorney's fees. The mortgage when offered in evidence was in fact dated August 3, 1912, and the note called for 20 per cent. attorney's fees. *Held,* that the variance was not so material as to require the exclusion of the mortgage when offered in evidence.

[Ed. Note.—For other cases, see Bills and Notes, Cent.Dig. §§ 1587–1642; Dec.Dig. § 489.*]

6. EVIDENCE (§ 143*)—RELEVANCY—SATISFIED MORTGAGES.

Where plaintiff borrowed money from a bank with which to purchase a printing plant, which was mortgaged, and the bank paid off the mortgages with the proceeds of the loan, evidence as to the mortgages was immaterial in an action by the bank to recover its debt.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 424, 426–428; Dec. Dig. § 143.*]

Appeal from District Court, Foard County; J. A. Nabors, Judge.

Action by the First State Bank of Crowell against W. L. Power. Judgment for plaintiff, and defendant appeals. Affirmed. Rehearing denied.

Jas. A. Stephens, of Benjamin, for appellant. G. W. Walthall, of Crowell, for appellee.

HENDRICKS, J. The appellee, the First State Bank of Crowell, instituted this suit in the district court of Foard county, Tex., against W. L. Power, the appellant, on a certain promissory note for the sum of $705.15, and to foreclose a chattel mortgage on a certain automobile; and at the time of the institution of the suit the appellee procured the issuance of a writ of sequestration, which was executed by the sheriff, who took possession of the automobile under said writ, which was replevied by the appellant (defendant in the court below) within the time prescribed by law. The appellant specially pleaded that the consideration for the note was a certain printing plant, which, at the time of the transfer to appellant by said bank, there existed a valid chattel mortgage upon the property, and further alleging that the engine of said printing plant was not as represented and was of no value, pleading that the writ of sequestration was wrongfully sued out for the purpose of harassing and annoying him, and that the grounds alleged in the affidavit for the writ of sequestration were untrue, praying for actual damages in the sum of $25 for the detention of said car, and for the sum of $500 as exemplary damages.

First. The appellant, by its first assignment of error and propositions thereunder, attacks the affidavit for the writ of sequestration upon two grounds: First, that said affidavit is insufficient and void, for the reason that the same shows to be sworn to by the agent R. R. Waldrop before G. W. Wal-

thall, a notary public, and that the latter was the attorney for the appellee at said time, and not authorized under the law to administer the oath to plaintiff's agent; second, appellant says that the affidavit is insufficient in that the same shows on its face to be sworn to by R. R. Waldrop, agent, and the same does not state that the ground set forth in said affidavit is, within the knowledge of the affiant, just, true, and correct.

[1] As to the first criticism of the appellant, with reference to the affidavit for sequestration, on the ground that the attorney is incapacitated to administer the oath to affiant, we are unable to find any authority in this state bearing upon this matter, applicable to affidavits for writs of sequestration, and appellant has referred us to none, but we refer to the well-considered case, decided by Chief Justice Fisher, Kosminsky v. Raymond et al., 20 Tex. Civ. App. 702, 51 S. W. 51, where the question of the sufficiency of the affidavit for garnishment made by the client before his attorney in the cause was sustained. In that cause Judge Fisher considered the cases holding that an attorney, as notary public, could not take the acknowledgment of a married woman to a deed, who at that time was his client, nor take the depositions of witnesses to be used in cases in which he may be an attorney for either of the parties. He argued that, with reference to the acknowledgment by the married woman before her attorney, there was an exercise of some discretion in passing upon the facts authorizing such acknowledgments to be made, and that an attorney interested in the case, of course, should not be permitted to take depositions of witnesses to be used on the trial; the policy of the law forbidding such can be readily seen. "But the work of swearing a party to the truth of the contents of a paper, and officially testing the same, is ministerial in character, and involved the exercise of no judicial labor or of its discretion," and Judge Fisher refers to the case of Ryburn v. Moore, 72 Tex. 86, 10 S. W. 393, decided by the Supreme Court, where it was held by the Supreme Court that an affidavit of inability to give security for costs was not invalidated "because it was made before one of the attorneys of the plaintiff, who was a notary public," and the reference to which, upon consideration of that opinion, is fully sustained.

[2] As to the second ground, to the effect that it is not stated that the ground set forth in the affidavit is not, within the knowledge of the affiant, true and correct, we are not able to find any authority condemning an affidavit upon that ground in this character of cause, and the statute does not contain any prescription of that character, as a part of the affidavit, or as a prerequisite to the issuance of the writ.

[3] He swears to the matters stated in the statute as grounds for the issuance of the affidavit, and, while it may be attacked of course as to their truthfulness in reconvention for damages, we think a motion based upon the lack of such a recitation in the affidavit is entirely inappropriate and not a ground for the suppression of the sequestration.

[4] Second. The appellant complains that the trial court erred in refusing him a jury trial in this cause, and the bill of exceptions addressed to this particular matter discloses the following condition, as indicated by the bill and the explanation appended by the trial judge: The appellant, defendant in the trial court, demanded a jury as expressed by the trial judge on the evening of Wednesday, April 2, 1913, and the court upon this application made the following memorandum on his appearance docket, where said cause was docketed: "Jury asked and granted on payment of jury fee and provided all parties are ready for trial before the jury for the week is discharged; otherwise this case is to remain on this docket (the appearance docket), and the jury fee, if paid, to be returned." The court further said: "When the case was called Wednesday morning, it appeared that no answer by the defendant had been filed in the case; that the defendant the day before had handed to plaintiff's attorney the answer he had prepared, but that said attorney had not had time to examine the same and file any reply; that there were exceptions to dispose of, and that the chances were that the entire day would be consumed in these pleadings and presentations of exceptions, whereupon the court discharged the jury." We presume that the court meant Thursday morning when he used the language, "when the case was called Wednesday morning," for the reason, as we understand it from the record, the case had not been called for trial earlier than Thursday. Appellant says in his brief: "The case was not reached for trial and could not have been called for trial before Thursday, at which time there was a regular drawn jury in attendance upon the court, and the demand being made, and the jury fee being paid on Wednesday preceding." If our construction of this record is correct, the status of it is that the defendant had filed no answer upon appearance day and had none on file upon Thursday morning when the court called the case for trial. It is true the record discloses that he had handed an answer the day before to the appellee's attorneys, and there seems to have been some indulgence by the court as well as appellee's attorneys, with reference to this matter. The court said that the attorney had not time to examine the appellant's answer and file a reply. If there was any delay with reference to the work of the court applicable to this particular case, the defendant or his attorney, in so far as this record exhibits the matter, was at fault. Chief Justice Stayton, in the case of Cabell v. Shoe Co.,

81 Tex. 107, 16 S. W. 811, said: "District courts are required to fix a day for taking up jury cases; * * * clerks are required to keep a jury docket and thereon to place cases, under the order of the court, when the jury fee is paid. * * * And, whenever the failure to make this payment is delayed for such time as to materially affect the rights of the parties or to interfere with the orderly conduct of the business of the court, a jury trial ought to be refused." We are inclined to think that the second ground for refusing a jury trial may become a material one in some cases with reference to the orderly administration of the business of a court by a trial judge. This jury was demanded late in the day preceding the day when the cause was called for trial, actuating the court to place the order he did upon the appearance docket. The next morning, with the jury still in attendance, the case was called, the remaining jury business for the week finished, no answer on file by the defendant, and evidently the delay of the defendant in the preparation of his answer prevented the expedition of the trial of this case. This bill of exceptions was evidently prepared and allowed at the time the jury trial was refused, and the court must have been guided by the lights then before him with reference to the administration of his business, and the trial of this particular cause, and thought that considerable time would be consumed in the pleadings and presentations of exceptions. His opinion with reference to this matter may have been incorrect, as it seems that thereafter the cause was presented to the court and tried upon that day, Thursday, the 3d of April, 1913, but the cause not having been ready for trial, it is hard to tell how long is consumed with reference to these matters, and a trial court naturally obtains his opinion from the statements of the attorneys with reference to the pleadings and the issues involved. Of course it may be possible that this cause could have been tried before the jury as quickly as before the court; hardly probable, however, when you take into consideration the examination of jurors, arguments of counsel, and the consideration of the cause by a jury, all of which, however, is to some extent speculative. We are not advised, of course, how many jurors were impaneled— whether 24, 36, or simply 12 necessary to try the case. Where a litigant does not call for a jury upon appearance day, and the record indicates delay upon his part with reference to the presentation and filing of his pleadings, and on that account the cause is not ready for trial then the case is regularly reached on the appearance docket, not having been placed upon the jury docket on account of the condition made by the trial court, and the trial court on that account, having in view the matter of expense to the counties and the expeditious dispatch of business, refuses a demand for a jury, we are inclined

to think that the same does not constitute an abuse of discretion. It may be that the court's judgment, with reference to the time to be consumed in the administration of business in the light of subsequent events, was incorrect. However, we think in this matter that it is very probable that the cause would have gone into the next day upon trial before a jury, at a cost of $2 per day per juror brought about, in so far as this record discloses, by the negligence of the defendant with reference to his pleadings.

[5] Third. Appellant complains of the action of the trial court in admitting in evidence the chattel mortgage for the reason of a variance in this: That the mortgage was of a different date than that of the note and described the note providing for 10 per cent. attorney's fees, when the note in question provided for 20 per cent. attorney's fees, and also claiming that the description of the property was insufficient to permit in evidence said instrument. It seems that the mortgage, as alleged in plaintiff's petition, was dated August 1, 1912, and the mortgage, introduced in evidence was dated August 3, 1912. The note called for in the mortgage was a note calling for 10 per cent. attorney's fees, and the note introduced in evidence called for 20 per cent. attorney's fees. The assignment is addressed entirely to the introduction of the mortgage in testimony, and not to the introduction of the note. The Supreme Court said in the case of Washington v. First National Bank of Denton, 64 Tex. 6: "The misdescription was not such as intended to mislead or surprise the adverse party, and hence it was properly disregarded by the court. McClellan v. Smith, 3 Tex. 210; Hays v. Samuels, 55 Tex. 560." There was no surprise in this case. The case of Trabue v. Stonum, 20 Tex. 454, involved a variance to this extent: The note set out in the petition was alleged to have been dated January 3, 1855, and to be due March 1, 1855, and the note introduced in evidence was really dated January 3, 1856, and matured March 3, 1856, and Judge Roberts said: "If the writing produced be clearly not the instrument set out in the petition, it would be the duty of the court to not permit it to be the foundation of any assessment by the clerk. In judging of this, however, the court should not have reference to any mere clerical variance or other matters by which the rights of the parties would not be materially affected," the Supreme Court sustaining the judgment rendered by default in that cause. It is unnecessary for us to cite authorities, which are numerous, upon this question that the variance should be a material variance with reference to the difference between the pleadings and the instrument.

[6] Fourth. The appellant complains that the court erred in refusing to permit the defendant to introduce in evidence a certain chattel mortgage which had been executed

and recorded upon the printing plant, which constituted the consideration for the note sued upon. The evidence conclusively shows that the chattel mortgages on the property were paid off by the bank.

Fifth. There is complaint made that the court should not have rendered judgment for the full amount sued for, and erred in refusing to consider defendant's damages on the ground that the undisputed evidence shows that the writ of sequestration was issued without probable cause, and that the grounds set forth in the application for said writ were untrue. Upon consideration of the testimony stated in appellant's brief, claimed to be applicable to this proposition, we do not think the proposition is tenable, and, when we go to the record for a fuller development of the testimony, we are inclined to think the testimony is in such condition addressed to the court upon an issue of fact, as to exclude the $25 actual damages and the exemplary damages contended for.

Finding no error in this record complained of in appellant's brief, we affirm the judgment, and it is so ordered.

### On Motion for Rehearing.

Appellant, with reference to its assignment complaining of a denial of a trial by a jury, insists that this court misconstrued the record as to the fact of his negligence, in not filing an answer within the time prescribed by law, and which we held was a condition contributing to the action of the trial court in discharging the jury, and further insists that his answer was handed to appellee's counsel on Tuesday, the appearance day of court, and that the mere omission to file the answer on that day should not be charged against him. Our position in the matter was based upon the failure to present the answer, and not on the omission to file on Tuesday, and which entered into the action of the court.

The body of the bill of exceptions, excluding the explanation appended by the trial judge, says that the jury was in attendance upon the court Wednesday, when the jury fee was deposited with the clerk, and the jury "remained until Thursday, and was in court when said case was called on Thursday, which was the first day said case could be reached or was reached *or called for trial*." The trial court, in his explanation, stated that late the evening before, on Wednesday, the appellant requested the cause to be placed on the jury docket, which was granted, provided that all parties were ready for trial before the jury was discharged, otherwise to remain on the appearance docket, and the jury fee, if paid, was to be returned; added to this the appellant says in his brief that the case was not reached and could not have been called for trial before Thursday. The court further says in his explanation that, when the "case was called Wednesday morning," the defendant's answer having been handed to plaintiff's counsel the day before, and said attorney not having had time to examine the same and file any reply, and for other reasons mentioned in the bill, that "whereupon the court discharged the jury." It is upon the statement in the bill made by the court, "when the case was called Wednesday morning" (the answer having been handed to plaintiff's attorney the day before), appellant deduces his conclusion that the record shows he handed the answer to appellee upon Tuesday, appearance day, and hence he did, in substance, what the law required him to do. When the main body of the bill of exceptions, presumably prepared by appellant, recites that "Thursday" was the first day the cause "could be reached or was reached or called for trial," and when appellant says in his brief that the cause was not "reached for trial and could not have been called before Thursday," and the bill further showing that the court discharged the jury at the time and upon the day he called the case for trial, we think it a fair and reasonable construction that, when the court used the language, "when the case was called Wednesday morning," and said that, on account of certain conditions then existing, and according to the lights then before him, he believed other conditions would exist to delay the trial and thereupon discharged the jury, that the court meant to say that he did this "when the case was called Thursday morning," and could not have meant anything else. The court surely did not take this action Wednesday morning before appellant requested a jury Wednesday evening; appellant himself says the jury was in attendance Thursday; hence we think it clearly inferable that it was Wednesday and not Tuesday appellant handed his answer to appellee, on account of which the court says, when he called the case upon Thursday, appellee's counsel had not had time to examine and file a reply thereto, which, as a supplemental petition, constitutes seven and one-half pages in this record with numerous exceptions and filed on Thursday, evidently after the court had discharged the jury. As stated, the court recites at the time the case was called for trial appellee's counsel had not had time to prepare and file said reply. A trial by a jury is not wholly an arbitrary right. When the trial court discharged this jury, based upon a condition and a delay then confronting him, and other conditions believed by him to exist, and produced by appellant, and exercising his discretion according to the conditions then presented, we are unable to say there was an abuse of discretion, and that appellant was improperly denied a jury. The motion for rehearing is in all things overruled.