**SCRANTON INDEPENDENT SCHOOL DIST. et al. v. STATE ex rel. LEVERIDGE.***
**(No. 111.)**

(Court of Civil Appeals of Texas. Eastland. June 3, 1925. Rehearing Denied Nov. 27, 1925.)

Schools and school districts ⬦38—That purported affidavit of facts presented by petitioners for election was invalid held not to invalidate annexation.

Statute in proceedings for annexation of territory to school district being directory, that purported affidavit of facts presented by petitioners for election was invalid, *held* not to invalidate annexation.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by the State, on the relation of W. T. Leveridge, against the Scranton Independent School District and others, to set aside the annexation of territory to the district.

From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Patterson & Grantham, of Cisco, for appellants.

Owen & Owen, of Eastland, for appellee.

RIDGELL, J. This suit was brought by the state of Texas on the relation of W. T. Leveridge against the school district and board of trustees of the Scranton independent school district to set aside the annexation of contiguous territory to said district, and to adjudge appellants without jurisdiction or authority over such territory. The cause was tried before the court, and judgment was rendered declaring the orders attempting to annex the territory to be null and void, and further adjuging that said annexed territory remain a part of the common school district from which it was attempted to be taken.

The appellees, who were plaintiffs below, alleged that the annexation was invalid for the reason that a member of the school board administered the oath to the three signers of the petition for election, and that no legal oath as required by law was made, and that therefore the entire proceeding was null. From the action of the court rendering judgment in favor of appellees, the appellants filed their appeal bond, and bring this cause before this court for review.

Findings of fact and conclusions of law were filed by the court, and we refer to the following conclusions as necessary and pertinent for the disposition of this appeal:

### Conclusions of Fact.

The court filed conclusions of law as follows:

"That the persons subscribing to said petition were a majority of the inhabitants qualified to vote for members of the Legislature of the territory described in said petition.

"That the territory described in said petition was contiguous to the east line of the corporate limits of the said Scranton independent school district.

"That the territory described in said petition, when added to the corporate limits of the Scranton independent school district, would not increase its area so that the whole then thus increased would exceed 25 square miles.

"That there would still remain in school district No. 15–B, after taking therefrom the territory described in said petition, more than nine square miles.

"That on February 3, 1925, three of the signers of said petition filed the same with the board of trustees of the Scranton independent school district, then in session, for the purpose of considering such petition, the full board of seven members being present.

"That B. P. Cozart, a member of said board, is a notary public in and for Eastland County, Tex., and at the time of presentation of such petition said B. P. Cozart, as such notary pub-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted January 27, 1926.

lic, attempted to swear the three petitioners to said petition, and caused the same to be signed by them, and caused the following notation to be made on said original petition:

"'The facts contained in the above petition are correct to the best of our knowledge and belief.　　　　　[Signed] J. R. Snoddy.
　　　　　　　　　　　" 'B. O. Speegle.
　　　　　　　　　　　" 'B. F. Speegle.

"'Subscribed and sworn to before me, this the 3d day of February, 1925, at Scranton, Tex.　　　　　[Signed] B. P. Cozart,
" '[Notary Seal.]　　　　　Notary Public.'"

"That said petitioners stated in attempting to make affidavit to said petition that the facts contained therein were 'correct to the best of our knowledge and belief,' but the court finds as a fact that no oath was administered to J. R. Snoddy, B. O. Speegle, and B. F. Speegle.

"That the said B. P. Cozart, as a member of such board of trustees, and while attempting to take the affidavit as a notary public, aforesaid, was acting with said board in considering said petition, and voted on the question adding the territory to the Scranton independent school district.

"That at said hearing on said petition by said board of trustees of February 3, 1925, they investigated the matters referred to in said petition, and, from inquiry and their personal knowledge of the facts and circumstances, they unanimously found that the majority of the inhabitants qualified to vote for members of the Legislature in the said territory described in said petition had signed such petition. That the territory described therein adjoined the limits of the said Scranton independent school district, and that such petitioners desired that such territory be added to and become a part of said Scranton independent school district for free school purposes only. That the proposed addition would not increase the corporate limits of said Scranton independent school district so that the whole when thus increased would exceed 25 square miles. That by taking said territory from school district No. 15–B, there would still remain in said district No. 15–B, exceeding nine square miles, and that said territory should be added to and made a part of said Scranton independent school district.

"That on February 16, 1925, there was presented to the board of trustees of said Scranton independent school district a petition signed by more than 25 of the qualified property taxpaying voters of said district praying for the issuance of bonds to the amount of $9,000, and for the levy of a tax in payment thereof, which petition further stated the rate of interest to be borne by such bonds, the time of maturity, and the purpose for which the bonds were to be used, to wit, the building and equipping of a school building of brick or stone material, and prayed that an election be ordered within and for such district to determine whether or not the bonds of such corporation should be issued for the purposes above indicated; and whether or not a tax should be levied upon all the taxable property within such district in payment thereof. That on presentation of said petition said board of trustees entered the proper order, and after due notice an election was held on March 23, 1925, in compliance with the law,

and which resulted in a majority of the legal voters voting in favor of the issuance of such bonds.

"That the school building of the Scranton independent school district was destroyed by fire in December, 1924, and it now has no school building for the purpose of conducting schools in said district."

The court filed conclusions of law as follows:

"That the purported affidavit to the petition for annexation is void and of no force and effect for the reasons: (a) The subscribing witnesses merely state the facts are correct to the best of their knowledge and belief; and (b) the notary public, B. P. Cozart, was an interested party and not authorized to administer the character of oath required on such petition; (c) no oath was administered.

"The resolution adopted by the board of trustees is insufficient to create the territory described in the petition as a part of the Scranton independent school district.

"The fact that the board of trustees, in passing upon the petition for annexation, found all the facts and circumstances necessary to admit the territory described in the petition as a part of the Scranton independent school district is insufficient to add such territory, notwithstanding the entry of the resolution stated in the findings of fact.

"That before the board of trustees were authorized to consider the petition for annexation it is a condition precedent that said petition be unconditionally sworn to by three of the petitioners, and, since the petition was not so sworn to, all subsequent action of the board of trustees with respect to the same is null and void, in a direct action brought by the state to set aside the attempted annexation of the territory by the school board.

"The territory described in the petition for annexation is still a part of school district No. 15–B, and the same has not become a part of the Scranton independent school district, and respondents are without authority and jurisdiction over the same."

It will be observed that there are but two issues of law for decision as controlling this case: First, is the fact that Cozart, the notary public, being a member of the school board, disqualified from swearing the voters to the petition; and, second, does the fact that three signers who presented said petition to school board did not make affidavit of the facts therein set forth, and that no oath was administered to three signers, vitiate and void the election? To the first question we answer that the fact that Cozart as notary public and member of the school board, administered the oath, would not invalidate the legality of annexation. We find many cases in which it is held by our courts that an attorney may swear his client to an answer in garnishment, to an affidavit of any ability to secure cost; and wherever the act of administering the oath is substantially ministerial and does not involve or require any decision or adjudication, the act will not be void.

As stated in the case of Kosminsky v. Raymond et al., 20 Tex. Civ. App. 702, 51 S. W. 5:

"There is no rule of law existing in this state which prohibits an attorney who may be a notary from taking the affidavit of his client."

The act of the notary in this case was purely ministerial, and Cozart, as a notary public, had full authority to administer the oath. Ryburn v. Moore, 72 Tex. 85, 10 S. W. 393; Power v. First State Bank of Crowell (Tex. Civ. App.) 162 S. W. 416. As to the sufficiency of affidavit, we think a statement that it is sworn to, to the best of their knowledge and belief, is a substantial compliance with the statutes in this proceeding. Smith v. Collis, 42 Mont. 350, 112 P. 1071, Ann. Cas. 1912A, 1158; Leigh v. Green, 64 Neb. 533, 90 N. W. 255, 101 Am. St. Rep. 592; C. J. vol. 2, p. 355, § 87.

The petition for the annexation was signed by some 11 persons, who stated that they were qualified voters and inhabitants of the territory described in the petition. It was signed by B. F. Speegle, J. R. Snoddy, and B. O. Speegle, and preceding their signatures the statement was made, "The facts contained in the above petition are correct to the best of our knowledge and belief;" and after their signatures appears, "Subscribed and sworn to before me this the 3d day of February, A. D. 1925, Scranton District, B. P. Cozart, Notary Public," with seal attached. Under the law, we think that this affidavit is sufficient, and at least the proceedings had thereunder would not be void, in absence of some allegation and proof of fraud.

Again, the statute requiring affidavit that the signers to the petition were qualified voters and taxpayers is merely directory, and is not such an omission as would vitiate the proceedings, in the absence of allegation and proof that the petitioners were not sufficient in number or were not qualified to vote. In many cases it has been held that the failure of election officers to write their names on the ballots which from the reading of the statute were mandatory and yet the courts have widely construed same as directory. To hold otherwise would result in litigation after every election, because the process of ordering and carrying out elections is never followed, and it would be pettish and whimsical if our courts would set aside an annexation of this kind merely because all the formalities were not carried out and to the letter. Crabb et al. v. Celeste Ind. School Dist., 105 Tex. 194, 146 S. W. 528, Ann. Cas. 1915B, 1146, 39 L. R. A. (N. S.) 601; Id. (Tex. Civ. App.) 132 S. W. 890.

There is no allegation or proof that the signers of the petition are not qualified voters necessary under the law to authorize the order of annexation. There is no complaint that the petition fails to meet the requirements of law except in respects mentioned, and the only attack made on the annexation by appellees is the two discussed herein. If our schools should be handicapped because of slight failure of officers discharging their duties, then there would hardly be an election or an action of a school board but that could be defeated by attack. It appearing in this case the majority actually signed the petition, and that everything therein was fair and no fraud was perpetrated, but only a failure to follow the strict provision of the statute, it would be to my mind destructive of the very theory of our government if elections could be set aside, annexations destroyed by our courts, upon such a showing.

The assignment of errors made by appellants are sustained, and cross-assignments of appellees are overruled, and this case is reversed and rendered, and will be certified to the court below for observance.

PANNILL, C. J. The majority of this court agrees to the disposition of this appeal, but does not approve all the expressions in the opinion of our brother, Hon. T. B. RIDGELL. We do not wish to be committed to the proposition that an affidavit complies with the statute when made on information and belief. This declaration in the opinion referred to is not necessary to a disposition of this appeal, inasmuch as the trial court found that no oath was administered to the signers of the purported affidavit; hence, said purported affidavit would be invalid regardless of its form.

We do agree, however, that the statute in question is directory, and that a failure to comply therewith in the particular complained of does not invalidate the annexation of the territory to the school district. Sutherland, Statutory Construction, §§ 450–452. Ex parte Dupree, 101 Tex. 150, 105 S. W. 493.

LITTLER, J., concurs.